[597 NYS2d 831]

In the Matter of the Estate of ROBERT VAN PATTEN, Deceased. DIXIE L. BURGER et al., Appellants-Respondents; ROBERT VAN PATTEN, JR., Individually and as Preliminary Coexecutor of ROBERT VAN PATTEN, Deceased, Respondent-Appellant, et al., Respondents. JOAN VAN PATTEN, Intervenor-Appellant.

Third Department, May 20, 1993

APPEARANCES OF COUNSEL

*Coxeter & Coxeter,* Albany *(Susan J. Coxeter* of counsel), for appellants-respondents.

*Kingsley, Towne & McLenithan, P. C.,* Albany *(James T. Towne* of counsel), for respondent-appellant.

*Snyder, Kiley, Toohey & Corbett,* Saratoga Springs *(Harry D. Snyder* of counsel), for Victor Vrigian, respondent.

*Couch, White, Brenner, Howard & Feigenbaum,* Albany *(Leslie F. Couch, Francis P. Mulderry* and *Christopher F. Hansen* of counsel), for Latricia Roschinsky, respondent.

*McNamee, Lochner, Titus & Williams, P. C.,* Albany *(Paul E. Scanlan* and *Jeffrey T. Culkin* of counsel), and *Miller, Seeley & Segel, P. C.,* Albany, for intervenor-appellant.

## OPINION OF THE COURT

CASEY, J.

Robert Van Patten (hereinafter decedent) died in February 1990 and his will was presented for probate in March 1990 by the preliminary coexecutors of his estate, respondents Victor Vrigian and Robert Van Patten, Jr. (hereinafter Van Patten), who is decedent's son. Petitioners, who are also decedent's children and legatees under the will, requested that the coexecutors provide information about certain bearer bonds purchased by decedent during the last few years of his life. The coexecutors responded by explaining that the bonds had

been the subject of an inter vivos gift to Van Patten and respondent Latricia J. Roschinsky, who is decedent's daughter.

Petitioners thereafter commenced this proceeding, which they labeled as a proceeding to disclose assets of the estate pursuant to SCPA 2102 and to deliver specific assets pursuant to SCPA 2103. In particular, petitioners sought to examine Van Patten, Roschinsky, Robert Doran, a close friend of decedent who assisted him by keeping track of the bonds, and Peter Smith, the broker who sold the bonds to decedent. Petitioners also sought to compel Van Patten and Roschinsky to deliver the bonds to the estate. After an answer was submitted on behalf of the coexecutors and Van Patten submitted a separate answer, Surrogate's Court ordered that an inquiry be held pursuant to SCPA 2103 and directed that Van Patten, Roschinsky, Doran and Smith appear for examination. Joan Van Patten (hereinafter the intervenor), decedent's widow, thereafter moved to intervene and participate in the questioning at the inquiry. The motion was apparently granted. Van Patten moved to dismiss the petition and that motion was apparently denied.

Pursuant to petitioners' request, the four persons were examined regarding their knowledge about the bearer bonds purchased by decedent. At the conclusion of the examination, Surrogate's Court determined that no genuine issue of fact had been raised concerning the ownership of the bonds and that the estate was not entitled to the bonds. After an order was entered in accordance with this determination, petitioners' motion for renewal was denied. Petitioners and the intervenor appeal from the order which, *inter alia,* determined that the bonds were not assets of the estate and also from the order that denied the renewal motion. Van Patten filed a notice of cross appeal seeking to appeal from several orders, but his brief does not address that appeal and, therefore, we deem it abandoned.

Petitioners* contend that once Van Patten and Roschinsky claimed that the bonds belonged to them as the result of an inter vivos gift, an issue of title to the bonds was raised which, pursuant to SCPA 2104 (1), had to be tried as a litigated issue. According to petitioners, the hearing held by

---

* The intervenor's arguments are substantially the same as petitioners. It is our view that the intervenor's rights in this proceeding are no greater than petitioners' rights and, therefore, our future references to petitioners include the intervenor.

Surrogate's Court was merely the inquiry stage of the SCPA 2103 proceeding, conducted for discovery purposes only, and the court erred in failing to continue with the trial stage of the proceeding.

Our analysis begins with the remedy selected by petitioners. SCPA article 21 provides for a number of miscellaneous proceedings in Surrogate's Court. Pursuant to SCPA 2101 (1) (a), a miscellaneous proceeding can be commenced by a fiduciary, creditor or person interested, unless otherwise indicated. SCPA 2103 provides a remedy for a fiduciary, who is under a duty to reduce estate assets to possession, when a person refuses to surrender an asset that the fiduciary believes is an asset of the estate (see, Semerad, Practice Commentaries, McKinney's Cons Laws of NY, Book 58A, SCPA 2103, at 364-365). Petitioners are clearly interested persons within the meaning of SCPA 2101 (1) (a), but SCPA 2103 is limited to petitions presented by fiduciaries (SCPA 2103 [1]) and petitioners are not fiduciaries (see, SCPA 103 [21]). We conclude, therefore, that the remedy provided by SCPA 2103 was not available to petitioners.

Petitioners' choice of the wrong remedy did not, however, require dismissal of the petition (see, SCPA 202). Surrogate's Court had subject matter jurisdiction (see, Matter of Piccione, 57 NY2d 278) and, given the relationship of the parties, including Van Patten's involvement as a coexecutor and one of the recipients of the inter vivos gift, petitioners had standing to seek the surrender of the bonds to the estate (see, Inman v Inman, 97 AD2d 864). Petitioners could obtain the relief in an action (see, supra) or by way of an " 'independent' " miscellaneous proceeding, not enumerated in SCPA article 21 (Gibbs, 1986 Supp Practice Commentary, McKinney's Cons Laws of NY, Book 58A, SCPA 2101 [1993 Pocket Part], at 115). The failure of Surrogate's Court to convert petitioners' SCPA 2103 proceeding into the appropriate proceeding caused some confusion, but we are of the view that petitioners, who selected the remedy and specified the four witnesses to be examined at the hearing, had an adequate opportunity to present a prima facie case of entitlement to the requested relief and Surrogate's Court correctly concluded that petitioners had failed to raise a genuine issue of fact.

■ When a fiduciary believes that another person is in possession of an estate asset and commences a proceeding pursuant to SCPA 2103 to recover that asset, an issue of title

is raised when that person claims that the asset belongs to them *(see, Matter of Sroczyk,* 96 AD2d 749). The dispute in such a proceeding is between the fiduciary, acting in the capacity as the representative of the estate, and the person who claims ownership of the asset. In the proceeding at bar, however, petitioners are not fiduciaries who are authorized to represent the estate in an SCPA 2103 proceeding. The fiduciaries, Vrigian and Van Patten, were named as respondents along with the persons who possess and claim ownership of the bonds. The fiduciaries do not claim that the bonds are an asset of the estate. To the contrary, they concede that the bonds were the subject of an inter vivos gift by decedent and that the bonds belong to Van Patten, in his individual capacity, and Roschinsky. There is, therefore, no dispute between the representatives of the estate and the persons who claim ownership of the bonds. Accordingly, the claim of ownership by Van Patten and Roschinsky did not, in and of itself, create an issue of title that had to be tried as a litigated issue.

As the parties seeking to compel Van Patten and Roschinsky to surrender possession of the bonds to the estate, petitioners bore the burden of establishing, at the very least, that a question of fact existed as to whether the inter vivos gift alleged by Van Patten and Roschinsky was valid. After the hearing at which petitioners examined the four witnesses specified in their petition, Surrogate's Court concluded that no genuine question of fact on the issue of title to the bonds had been raised. Based upon our review of the record, we agree with that conclusion. Doran's testimony clearly and unambiguously established that decedent made a gift of the bonds, during his lifetime, to Van Patten and Roschinsky. The requisite donative intent, delivery and acceptance *(see, Gruen v Gruen,* 68 NY2d 48, 53) were established and no contrary evidence was presented. Petitioners contend that when delivery of the bonds occurred in October 1989, decedent might have lacked the capacity to form the requisite intent, but the evidence presented at the hearing is to the contrary. Doran testified that despite decedent's illness, decedent was alert, rational and responsive until shortly before his death in February 1990. Smith also testified that whenever he visited decedent, decedent was not mentally incapacitated.

Petitioners contend that because of the procedure followed by Surrogate's Court, they were deprived of the opportunity to present evidence regarding decedent's capacity. Petitioners, however, chose the form of the proceeding and specified the

four witnesses who were to be examined. There is nothing in the record to suggest that petitioners could not have expanded the scope of the examination by including additional witnesses in their list of those to be examined. Petitioners had the opportunity to establish the existence of a genuine issue of fact regarding title to the bonds and the testimony of the four witnesses they chose to be examined established that no such issue existed.

■ Petitioners contend that during the hearing the scope of their examination of the witnesses was unduly restricted, but our review of the record reveals no merit to this contention. Petitioners' questions covered a broad range of topics, many of which were of questionable relevance. Surrogate's Court intervened only when the questions were clearly irrelevant. The court did, however, preclude petitioners from introducing decedent's medical records for 1989. Given the issue-finding nature of the hearing and petitioners' claim regarding decedent's capacity, the medical records were relevant. We have examined the medical records, which were submitted by petitioners upon their motion to renew, and conclude that any error in failing to admit them at the hearing was harmless. The medical records confirm that decedent was seriously ill during the period that he was hospitalized from March 17, 1989 to May 24, 1989. There is, however, nothing in the records that conflicts with Doran's testimony that decedent was of sound mind until shortly before his death despite the physical disabilities caused by the illness. In fact, the records reveal that hospital personnel viewed decedent as competent to consent to a "do not resuscitate" order. Petitioners also point out that Van Patten and Roschinsky were permitted, pursuant to SCPA 2104 (6), to give testimony that would otherwise have been barred by CPLR 4519, but we have not considered that testimony in our review of the record to determine whether an issue of fact was raised.

Based upon the foregoing analysis, we conclude that no reversible error occurred during the proceeding and that Surrogate's Court correctly determined that no question of fact was raised concerning title to the bonds. The order that declared that the bonds were not an estate asset should, therefore, be affirmed.

Turning to the appeal from the order that denied petitioners' motion to renew, that order should also be affirmed. Petitioners contend that they have additional evidence, including the medical records, medical expert testimony and the

testimony of intervenor, which is relevant to the issue of decedent's capacity. As previously noted, the medical records should have been admitted at the hearing, but the error was harmless because the records contain nothing to show that decedent lacked the mental capacity to form the necessary donative intent. As to the medical experts and intervenor, petitioners do not claim that those witnesses were unavailable or unknown to them when they specified the witnesses to be examined at the hearing *(see, Foley v Roche,* 68 AD2d 558). The petition alleges decedent's lack of capacity and it was petitioners' obligation to present evidence to support the allegations. That petitioners apparently misapprehended the nature of their obligation and opted to limit their examination to four witnesses are not grounds for disturbing either the order entered upon the conclusion of the hearing or the order denying renewal.

WEISS, P. J., LEVINE, MERCURE and MAHONEY, JJ., concur.

Ordered that the orders are affirmed, without costs.