■ In the Matter of JOHN HALL, as Executor of GRACE B. TURPISH, Deceased, Appellant, v RAYMOND C. CLYNE et al., Respondents. [614 NYS2d 64] —In a proceeding to recover possession of certain joint bank accounts and a U.S. Treasury bill that are claimed to be assets of the estate of Grace B. Turpish, the petitioner appeals from an order of the Surrogate's Court, Richmond County (D'Arrigo, S.), dated November 13, 1992, which denied his application to compel the respondents to deliver to him the property that is the subject matter of the petition.

Ordered that the order is affirmed, with costs payable by the estate.

The decedent, Grace B. Turpish, died childless on September 10, 1989, at the age of 80. Over the years, she had executed several wills naming family members as the beneficiaries. Her last will, executed on January 16, 1988, named the petitioner, John Hall, as the sole beneficiary.

On January 18, 1989, the decedent executed an inter vivos trust for her benefit for life. The petitioner and his wife were the sole remaindermen of the trust, which was funded with stocks that had been held in the decedent's individual name.

On the same date, the decedent opened four joint bank accounts totaling $105,000 with her attorney and friend of 40 years, Raymond Clyne; his wife Elizabeth, who was also her close friend; and each of their children Lisa and Kevin. Some of the funds that were used to open those bank accounts had been jointly held by the decedent and Clyne.

Although the decedent lived a secluded life for the last nine years, the record shows that she possessed all of her faculties and that she was capable of making personal and business decisions. During those years, Raymond Clyne assisted her

with personal, banking, and legal matters. He and Elizabeth visited her frequently and helped her to clean her home.

On or about June 25, 1990, the petitioner filed a probate petition in order to recover the funds transferred by the decedent to Clyne and his family.

It is well settled that when a confidential relationship exists between parties, a valid gift must be established by evidence which is clear and convincing. When parties do not deal on terms of equality, it requires but slight evidence to shift to the donee the burden of proving by clear and convincing evidence that any transfer of property in question was free and voluntary on the part of the donor (*Reoux v Reoux*, 3 AD2d 560, *amended on other grounds* 4 AD2d 840; *Matter of Bartel*, 33 AD2d 987, 988).

Based upon our review of the record, we agree with the Surrogate's conclusion that the testimony proffered by the Clynes and the uninterested witnesses establishes by clear and convincing evidence that the decedent intended to make gifts of the accounts in question. Thompson, J. P., O'Brien, Ritter and Krausman, JJ., concur.