■ In the Matter of the Estate of HAROLD N. TRACT, Deceased. NATALIE TRACT, Appellant; KROLL & TRACT et al., Respondents. [727 NYS2d 148] —In a proceeding, *inter alia*, for an accounting of the interest of the petitioner's decedent in a partnership, the petitioner appeals from a decree of the Surrogate's Court, Nassau County (Radigan, S.), dated March 6, 2000, which, after a nonjury trial, dismissed the amended petition.

Ordered that the decree is affirmed, with costs.

"In an accounting proceeding, the party submitting the account has the burden of proving that he or she has fully accounted for all the assets of the estate (*see, e.g., Vinlis Constr. Co. v Roreck,* 30 AD2d 668, mod 27 NY2d 687; *see,* generally, 29 Carmody-Wait 2d, Surrogate's Court & Estate Prac § 166.181, at 418-420), and this evidentiary burden does not change in the event the account is contested. While the party submitting objections bears the burden of coming forward with evidence to establish that the account is inaccurate or incomplete, upon satisfaction of that showing the accounting party must prove, by a fair preponderance of the evidence, that his or her account is accurate and complete (*cf., Matter of Mann,* 41 AD2d 861, lv denied 33 NY2d 517; 29 Carmody-Wait 2d, Surrogate's Court & Estate Prac § 166.181, at 418)" (*Matter of Schnare,* 191 AD2d 859, 860).

We agree with the Surrogate's Court that the provision of the partnership agreement of the respondent law firm (hereinafter the firm) that the determination of a partner's net equity interest in the firm, by the firm's regularly-employed certified public accounting firm, "shall be final and binding in the absence of a showing of gross negligence or willful misconduct," is applicable here. In any event, the respondents' proof that the valuation of the petitioner's decedent's partnership interest in the firm was determined in accordance with the partnership agreement, and was accurate and complete.

The former partners of the firm were not incompetent under CPLR 4519, as predecessors in interest of the remaining

partners, to testify concerning conversations with the decedent about whether the proceeds of life insurance policies which the firm had on the lives of the partners were intended to be applied to reduce the death benefit owed to the estate of a partner (*see, Abbott v Doughan,* 204 NY 223; *Stay v Horvath,* 177 AD2d 897). Moreover, the Surrogate's Court correctly found that the insurance proceeds were intended to be used to buy out the interest of a deceased partner. O'Brien, J. P., S. Miller, Schmidt and Cozier, JJ., concur.