■ In the Matter of the Estate of ANNETTE BASSIN, Deceased. MADELINE BASSIN, Appellant; JOSEPH BASSIN, Respondent. [813 NYS2d 200]—

In a discovery proceeding pursuant to SCPA article 21, the petitioner appeals from an order of the Surrogate's Court, Nassau County (Riordan, S.), dated August 10, 2004, which, after a nonjury trial, inter alia, determined that the decedent had made a valid inter vivos gift of certain real property to Joseph Bassin and dismissed the proceeding.

Ordered that the order is affirmed, with costs payable by the appellant personally.

Annette Bassin (hereinafter the decedent) died intestate on September 6, 1998 survived by her son, Joseph Bassin, and her daughter, Madeline Bassin. At the time of her death, the decedent resided at 2 Moreland Court in Great Neck (hereinafter the subject real property). On January 28, 1998, several months before her death, the decedent executed, at the law offices of Alan Silver, a deed conveying the subject real property (for which she was the surviving tenant by the entirety) to Joseph, who had lived with the decedent and acted as her primary caretaker for approximately 14 years. After the decedent's death, Madeline commenced this discovery proceeding pursuant to SCPA article 21, and the Surrogate's Court determined that the inter vivos gift of the subject real property was valid.

The Surrogate's Court correctly allowed Joseph, as administrator of the decedent's estate, to waive the attorney-client privilege and properly admitted the testimony of Silver, the attorney who advised the decedent with respect to the deed transferring ownership of the subject real property to Joseph. Silver's testimony provided the best evidence of the decedent's intent in executing the deed (*see Mayorga v Tate*, 302 AD2d 11, 14-15 [2002]). Moreover, the decedent would likely have waived the privilege herself because the dispute here involved her only heirs (*see Mayorga v Tate, supra* at 18-19).

Further, clear and convincing evidence established that the decedent made a valid inter vivos gift (*see Gruen v Gruen*, 68 NY2d 48, 53 [1986]) or, more specifically, that the decedent was alert and aware, and understood the nature of the transaction at the time she executed the deed (*see Whalen v Harvey*, 235 AD2d 792, 794-795 [1997]; *Matter of Van Patten*, 190 AD2d 322, 324 [1993]). Testimony by the decedent's friends and relatives established that, at all relevant times, she was alert, aware, and highly independent. Further, the decedent's cardiologist and internist testified that the decedent's mental ability never dete-

riorated. In addition, Silver asserted that the decedent's correct responses to routine inquiries he made concerning the date, year, and name of the president, just prior to her execution of the deed, revealed her to be oriented and aware.

The petitioner's remaining contention is without merit. Florio, J.P., Ritter, Goldstein and Covello, JJ., concur.