◼ In the Matter of the Estate of LUCILLE BUNIN ASKIN, Deceased. GLENN ASKIN, as Executor of LUCILLE BUNIN ASKIN, Deceased, Respondent, et al., Respondents; NEIL ZACHARY, Appellant. PETER SCHMERGE, Nonparty Respondent. [899 NYS2d 625]—

In a probate proceeding in which the executor of the decedent's estate petitioned for the judicial settlement of a final account of the estate, the objectant, Neil Zachary, appeals, as limited by his notice of appeal and brief, from so much of an order of the Surrogate's Court, Westchester County (Scarpino, Jr., S.), entered November 14, 2008, as granted that branch of the petitioner's motion which was for summary judgment dismissing his first objection alleging that the petitioner failed to account for the decedent's jewelry, and denied that branch of his cross motion which was to compel Peter Schmerge, his former attorney, to turn over his file.

Ordered that the order is affirmed insofar as appealed from, with costs to the petitioner-respondent, payable by the objectant personally.

The decedent, Lucille Bunin Askin, died on May 10, 1997, survived by her adult daughter and son, and her daughter's three children. The decedent's will, dated July 15, 1996, was admitted to probate on November 18, 1997, and letters testamentary and letters of trusteeship were issued to her daughter (hereinafter the petitioner). The decedent's will provided, inter alia, for her artwork to be distributed in one-third shares to her son (hereinafter the objectant), the petitioner, and the petitioner's three children, with the remainder of the decedent's personal property to be divided equally between the objectant and the petitioner. The will also provided for one third of the residuary estate to be distributed outright to the petitioner, with an additional one-third share of the residuary

estate to be held in trust for the objectant, and the final one-third share of the residuary estate to be held in trust for the petitioner's children.

The petitioner filed her proposed final account in March 2004, and the objectant filed objections on February 18, 2005. After extensive discovery and motion practice, the petitioner moved for summary judgment dismissing various objections to her account which included, insofar as relevant to this appeal, her alleged failure to account for the decedent's jewelry (hereinafter the jewelry objection).

The petitioner established her prima facie entitlement to judgment as a matter of law dismissing the jewelry objection, based on evidence that the decedent made a complete inter vivos gift of the jewelry to the petitioner (*see Matter of Partos*, 203 AD2d 578 [1994]; *cf. Matter of Bassin*, 28 AD3d 549, 550 [2006]; *Matter of Hall v Clyne*, 206 AD2d 428, 429 [1994]). The objectant's unsupported and conclusory allegations were insufficient to raise a triable issue of fact in opposition (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 325 [1986]). Accordingly, the Surrogate's Court properly granted that branch of the petitioner's motion which was for summary judgment dismissing the jewelry objection.

The objectant's remaining contentions are either without merit or not properly before this Court. Mastro, J.P., Dillon, Florio and Balkin, JJ., concur.