■ In the Matter of ANDRE HEINO, Deceased. HARVEY HEINO, Respondent; JAY HEINO, Appellant. [901 NYS2d 671]—

In a probate proceeding in which Harvey Heino, a co-executor of the estate of Andre Heino, petitioned to judicially settle the account of the estate, the objectant Jay Heino appeals from an order of the Surrogate's Court, Kings County (Torres, S.), dated December 3, 2008, which granted the petitioner's motion for summary judgment dismissing certain objections to the account, and denied as untimely his cross motion for summary judgment.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the petitioner's motion which was for summary judgment dismissing the objection based on the failure to include a 17.986% interest in a partnership known as 63 Associates as an asset of the decedent's estate, and substituting therefor a provision denying that branch of the petitioner's motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The decedent, Andre Heino, died on July 26, 1997, survived by his three sons—Harvey (hereinafter the petitioner), Jay (hereinafter the appellant), and George. Co-letters testamentary were issued to each of the decedent's sons in December 1999.

More than six years later, in June 2006, the petitioner filed an account of the distribution of the assets of the estate, and both of his brothers filed objections to the account. By notice of motion dated April 15, 2008, the petitioner moved for summary judgment dismissing three of the objections which his brothers had raised. The subject objections alleged that the petitioner failed to account for three estate assets: (1) the decedent's alleged 17.986% interest in a partnership known as 63 Associates, which owns a large commercial property on Avenue U in Brooklyn, (2) the proceeds from the satisfaction of a mortgage held by the decedent against the Avenue U property, and (3) the proceeds from the sale of a property located on Avenue S in Brooklyn owned by the decedent. On or about July 18, 2008, the appellant served a cross motion, inter alia, for summary judgment in his favor on numerous objections, and opposed the petitioner's motion. The Surrogate granted the petitioner's motion for summary judgment, and denied the cross motion as untimely. We modify.

In an accounting proceeding, the party submitting an account has the ultimate burden of demonstrating that he or she has fully accounted for all of the assets of the estate (*see Matter of Tract*, 284 AD2d 543 [2001]; *Matter of Schnare*, 191 AD2d 859, 860 [1993]). "While the party submitting objections bears the burden of coming forward with evidence to establish that the account is inaccurate or incomplete, upon satisfaction of that showing the accounting party must prove, by a fair preponderance of the evidence, that his or her account is accurate and complete" (*Matter of Tract*, 284 AD2d 543 [2001] [internal quotation marks omitted]; *see Matter of Campione*, 58 AD3d 1032, 1034 [2009]; *Matter of Schnare*, 191 AD2d at 860).

Contrary to the Surrogate's determination, the petitioner failed to make a prima facie showing that the decedent did not own an interest in 63 Associates at the time of his death. In support of his position that the decedent owned no interest in 63 Associates, the petitioner submitted, inter alia, the partnership agreement and the affidavit of one of the entity's partners. However, the petitioner also submitted a list of his late mother's assets which he had prepared for the attorney handling her estate, which indicated that his parents owned a 17.986% interest in the partnership. In addition, a federal estate tax return for the estate of the petitioner's mother, signed by the decedent, included among her assets a 17.986% interest in the Avenue U property owned by the partnership. Although the petitioner offered an explanation for the inclusion of his parents' interest in 63 Associates in his list of his mother's assets, and for the inclu-

sion of an interest in the Avenue U property in the estate tax return, under these circumstances, his submissions were insufficient to sustain his prima facie burden of demonstrating the absence of any triable issues of fact (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

However, the petitioner made a prima facie showing of his entitlement to judgment as a matter of law dismissing the objections based upon his alleged failure to account for the proceeds from the refinancing of the Avenue U mortgage and the sale of the Avenue S property by demonstrating that these transactions took place nearly three years before the decedent's death and, thus, before the petitioner's duty to preserve and account for the assets of the estate arose (*id.*; *cf.* EPTL 11-1.3; *Matter of Donner*, 82 NY2d 574, 584 [1993]). In opposition, the appellant failed to raise a triable issue of fact as to whether any proceeds from the refinancing of the mortgage and the sale of the property remained at the time of the decedent's death and were unaccounted for (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]; *Matter of Petrocelli*, 307 AD2d 358, 360 [2003]). Accordingly, the Surrogate properly granted those branches of the petitioner's motion which were for summary judgment dismissing these objections.

Furthermore, the Surrogate providently exercised her discretion in denying the appellant's untimely cross motion for summary judgment in his favor on certain of his objections (*see* CPLR 3212 [a]). The appellant failed to demonstrate good cause for the delay in filing his cross motion, and the grounds upon which it was predicated were not nearly identical to the grounds upon which the petitioner relied in moving for summary judgment (*see Miceli v State Farm Mut. Auto. Ins. Co.*, 3 NY3d 725, 726-727 [2004]; *Brill v City of New York*, 2 NY3d 648, 652 [2004]; *Chechile v Magee*, 66 AD3d 625, 626 [2009]; *Podlaski v Long Is. Paneling Ctr. of Centereach, Inc.*, 58 AD3d 825, 826 [2009]; *Bickelman v Herrill Bowling Corp.*, 49 AD3d 578, 580 [2008]). Mastro, J.P., Skelos, Eng and Roman, JJ., concur.