■ In the Matter of the Estate of PAUL F. TAYLOR, Also Known as PAUL FRED TAYLOR, Deceased. GEORGE J. LAMBERT, as Public Administrator of Westchester County, Respondent; JOANNE TAYLOR, Respondent; CRAIG P. TAYLOR et al., Appellants. [912 NYS2d 651]—

In a probate proceeding in which George J. Lambert, the Public Administrator of Westchester County, petitioned for judicial settlement of a final account of the Estate of Paul F. Taylor, also known as Paul Fred Taylor, the objectants Craig P. Taylor and Marilyn Miller appeal from an order and decree (one paper) of the Surrogate's Court, Westchester County (Scarpino, Jr., S.), dated July 15, 2009, which granted the motion of Joanne Taylor for summary judgment dismissing their objections to the final account submitted by the Public Administrator and judicially settled the account.

Ordered that the order and decree is affirmed, with costs payable by the appellants personally.

The decedent, Paul F. Taylor, also known as Paul Fred Taylor, had two children, Craig and Mark, with his first wife, Marilyn Miller. When the decedent and Marilyn divorced, they entered into a separation agreement which provided, inter alia, that the decedent "hereby represents and agrees that he will execute a Last Will and Testament leaving one-half of his net estate to the children of this marriage." The decedent later married Joanne Taylor. The decedent died in 2003.

The Public Administrator of Westchester County, George J. Lambert (hereinafter the Public Administrator), petitioned for

judicial settlement of a final account of the decedent's estate. The Public Administrator was appointed to administer the estate.

The Public Administrator submitted an account to the Surrogate's Court. Craig Taylor, Mark Taylor, and Marilyn Miller (hereinafter collectively the objectants) filed 20 objections to the account, alleging, inter alia, that assets were unaccounted for or undervalued. Joanne Taylor moved for summary judgment dismissing the objections to the account. The Surrogate's Court granted the motion.

In an accounting proceeding, the party submitting an account has the ultimate burden of demonstrating that he or she has fully accounted for all of the assets of the estate (*see Matter of Heino*, 73 AD3d 1062, 1063 [2010]; *Matter of Tract*, 284 AD2d 543 [2001]; *Matter of Schnare*, 191 AD2d 859, 860 [1993]). "While the party submitting objections bears the burden of coming forward with evidence to establish that the account is inaccurate or incomplete, upon satisfaction of that showing the accounting party must prove, by a fair preponderance of the evidence, that his or her account is accurate and complete" (*Matter of Heino*, 73 AD3d at 1063, quoting *Matter of Tract*, 284 AD2d at 543; *see Matter of Campione*, 58 AD3d 1032, 1034 [2009]; *Matter of Schnare*, 191 AD2d at 860). Here, the Public Administrator demonstrated that he fully accounted for all of the assets of the decedent's estate. The objectants failed to come forward with evidence to establish that the account was inaccurate or incomplete.

Joanne Taylor made a prima facie showing of her entitlement to judgment as a matter of law dismissing the objections to the account. In opposition, the objectants failed to raise a triable issue of fact on their objections to the account, including those claiming that assets were unaccounted for or undervalued (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York*, 49 NY2d 557 [1980]; *Matter of Petrocelli*, 307 AD2d 358, 360 [2003]).

The parties' remaining contentions are without merit.

Accordingly, the Surrogate's Court properly granted Joanne Taylor's motion for summary judgment dismissing the objections to the account, and judicially settled the account. Fisher, J.P., Belen, Austin and Roman, JJ., concur.