■ In the Matter of the Estate of PETER B. MCALPINE, Also Known as PETER BOWES MCALPINE, Deceased. ALISSA RUSSO, Respondent; PETER MCALPINE et al., Appellants. [926 NYS2d 167]—

In a probate proceeding in which the executor of the estate of Peter B. McAlpine, also known as Peter Bowes McAlpine, petitioned to judicially settle her intermediate account of the estate, the objectants appeal from so much of an order of the Surrogate's Court, Nassau County (Riordan, S.), dated June 30, 2010, as granted those branches of the executor's motion which were for summary judgment dismissing certain objections to the account.

Ordered that the order is affirmed insofar as appealed from, with costs payable by the appellants personally.

The decedent, Peter B. McAlpine, also known as Peter Bowes McAlpine, died on July 22, 2004, survived by his daughter, Alissa Russo, and his sons Peter McAlpine, Scott McAlpine, and Glenn McAlpine, each of whom was bequeathed a one-quarter share in the decedent's estate. As the executor of the estate, Alissa Russo (hereinafter the petitioner) filed a petition to judicially settle the intermediate account of her activities in connection with the estate, covering the period from July 22, 2005, through October 31, 2009. The decedent's three sons jointly asserted 24 objections to the account. The petitioner subsequently moved for summary judgment dismissing the objections to her account. In the order appealed from, the Surrogate's Court, inter alia, awarded the petitioner summary judgment dismissing an objection asserting that the petitioner failed to account for various items of personal property, an objection asserting that the petitioner failed to account for loans which were allegedly made to her and her husband during the decedent's lifetime, and so much of an objection as asserted that the petitioner understated the amount of cash she recovered from a box in the decedent's home and commingled that cash with her own funds (hereinafter collectively the subject objections).

In an accounting proceeding, the party submitting the account has the ultimate burden of demonstrating that he or she

has fully accounted for all of the assets belonging to a decedent's estate (*see Matter of Taylor*, 79 AD3d 766 [2010]; *Matter of Heino*, 73 AD3d 1062, 1063 [2010]; *Matter of Tract*, 284 AD2d 543 [2001]). Here, the petitioner established her prima facie entitlement to judgment as a matter of law dismissing the subject objections, based on the submission of her account which, inter alia, reflected charges of $29,823 for cash recovered from a box in the decedent's home, and furniture and furnishings valued at $15,499.74 (*see Matter of Taylor*, 79 AD3d 766 [2010]; *Matter of Askin*, 72 AD3d 952 [2010]). In opposition, the objectants failed to raise a triable issue of fact with respect to any of the subject objections, as the arguments made in their opposition papers were conclusory and unsubstantiated (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Matter of Askin*, 72 AD3d 952 [2010]). Accordingly, the Surrogate's Court properly granted those branches of the petitioner's motion which were for summary judgment dismissing the subject objections. Prudenti, P.J., Eng, Hall and Lott, JJ., concur.