■ In the Matter of MAX CRANE, Deceased. ALAN M. CRANE, Respondent; JUDITH HOLLANDER, Appellant. [953 NYS2d 170]—

In a probate proceeding in which the executor of the estate of Max Crane petitioned for the judicial settlement of his account, the objectant, Judith Hollander, appeals, as limited by her brief, from (1) so much of an order of the Surrogate's Court, Suffolk

County (Braslow, A.S.), dated September 6, 2011, as granted that branch of the petitioner's motion which was for summary judgment dismissing one of the objections to the account, and (2) so much of an order of the same court entered February 10, 2012, as, upon renewal and reargument, adhered to the original determination in the order dated September 6, 2011.

Ordered that the appeal from the order entered September 6, 2011, is dismissed, as that order was superseded by the order entered February 10, 2012, made upon renewal and reargument; and it is further,

Ordered that the order entered February 10, 2012, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the petitioner, payable by the objectant.

The decedent died on March 21, 2003, survived by his adult son (hereinafter the petitioner) and daughter (hereinafter the objectant). After a contested probate proceeding, the decedent's last will and testament, dated March 13, 1997, was admitted to probate. Letters testamentary were issued to the petitioner on May 14, 2004, as the nominated executor of the estate under the decedent's will, in which the petitioner was bequeathed a 60% share of the decedent's estate and the objectant was bequeathed a 40% share of the estate.

On May 9, 2005, the petitioner sought the judicial settlement of his account (hereinafter the account), which, inter alia, reflected a modest estate with total receipts in the sum of $60,500, representing previously unclaimed bond funds which had escheated to the State of New York, and an estate checking account with funds totaling $27,855.74.

The various objections asserted by the objectant against the account included an objection alleging that the petitioner failed to include a claim against himself, individually, for having converted to his own use $2 million worth of municipal bonds which belonged to the decedent (hereinafter the objection).

Following discovery, the petitioner moved for summary judgment dismissing the objection and two other objections. The objectant withdrew the two other objections during the pendency of the motion, and the petitioner thereupon requested that he be awarded summary judgment dismissing those objections on the basis of that withdrawal. The objectant primarily relied on a spreadsheet prepared by her husband, which itemized the decedent's bonds in 1988 (hereinafter the spreadsheet), and showed a total of $1,873,000 in bonds which allegedly were omitted from the account. The petitioner argued, however, that

the documentary evidence established, inter alia, that, with the exception of certain bonds valued in the aggregate sum of approximately $305,000, the bonds that were listed on the spreadsheet, and which were the subject of the alleged conversion, had been called or matured prior to the decedent's death and were, therefore, properly excluded from the account.

In the first order appealed from, the Supreme Court, inter alia, granted that branch of the petitioner's motion which was for summary judgment dismissing the objection, concluding that the objectant failed to raise a triable issue of fact as to whether the alleged $2 million worth of bonds existed at the time of the decedent's death and were converted by the petitioner. In the subsequent order appealed from, the Supreme Court, among other things, granted the objectant leave to renew and reargue, but thereupon adhered to the determination granting that branch of the petitioner's motion which was for summary judgment dismissing the objection.

EPTL 11-1.3 provides that "[a]n executor . . . has no power to dispose of any part of the estate of the testator before letters testamentary or preliminary letters testamentary are granted, . . . nor to interfere with such estate in any manner other than to take such action as is necessary to preserve it" (see Matter of Donner, 82 NY2d 574, 584 [1993]).

In an accounting proceeding, the party submitting the account has the ultimate burden of demonstrating that he or she has fully accounted for all of the assets belonging to a decedent's estate (see Matter of Taylor, 79 AD3d 766 [2010]; Matter of Heino, 73 AD3d 1062, 1063 [2010]; Matter of Tract, 284 AD2d 543 [2001]). While the party objecting to an account has the burden of producing evidence to demonstrate that the account is incomplete or inaccurate, upon the objectant's satisfaction of such a burden, the accounting party must establish the completeness and accuracy of the account by a fair preponderance of the evidence (see 2 Harris NY Estates: Probate, Admin. & Litig. § 28:100 [6th ed]; Matter of Taylor, 79 AD3d at 766; Matter of Heino, 73 AD3d at 1063; Matter of Tract, 284 AD2d at 543).

Here, the petitioner established his prima facie entitlement to judgment as a matter of law based on the submission of the account, which, inter alia, reflected that the decedent's assets at the time of his death consisted only of the sum of $60,500, representing the value of those bonds which were recovered from the State of New York as unclaimed funds (see Matter of McAlpine, 85 AD3d 1185 [2011]; Matter of Taylor, 79 AD3d 766 [2010]; Matter of Askin, 72 AD3d 952 [2010]).

In opposition, the objectant failed to raise a triable issue of fact regarding the alleged insufficiency of the account. Her conclusory assertions and speculation that, inter alia, the decedent would not have made a will if he had no assets, were insufficient to raise a triable issue of fact as to whether the petitioner failed to account for any of the bonds reflected on the spreadsheet (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Matter of McAlpine*, 85 AD3d at 1186; *Matter of Askin*, 72 AD3d at 952). Furthermore, the documentary evidence established that, as of the year 2000, or at the latest 2002, the decedent no longer possessed any bonds whatsoever (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324; *Matter of Askin*, 72 AD3d at 952).

There also is no merit to the objectant's contention that the petitioner is, in effect, required to account for a gift of bonds which the decedent made to him in 1996 or earlier. The petitioner's duty to account for and preserve the decedent's assets did not arise until the decedent died in 2003 (*see* EPTL 11-1.3; *see Matter of Donner*, 82 NY2d 574, 584 [1993]; *Matter of Heino*, 73 AD3d at 1064; *Matter of Petrocelli*, 307 AD2d 358, 360 [2003]). Accordingly, upon renewal and reargument, the Surrogate's Court properly adhered to its initial determination granting that branch of the petitioner's motion which was for summary judgment dismissing the objection.

The objectant's remaining contentions are not properly before this Court. Florio, J.P., Dickerson, Sgroi and Miller, JJ., concur.