In the Matter of the Estate of ARMOND X. MASTROIANNI, Deceased. NATHANIEL H. DAFFNER, as Trustee of Certain Trusts Made by the Will of ARMOND X. MASTROIANNI, Deceased, Respondent; MARY V. MASTROIANNI et al., Appellants, et al., Respondents. (Proceeding No. 1.) In the Matter of the Estate of ARMOND X. MASTROIANNI, Deceased. MARY DRESCHER, Appellant; NATHANIEL H. DAFFNER, as Trustee of Certain Trusts Made by the Will of ARMOND X. MASTROIANNI, Deceased, Respondent, et al., Respondents. (Proceeding No. 2.) [962 NYS2d 780]—

McCarthy, J. Appeal from an order of the Surrogate's Court of Schenectady County (Versaci, S.), entered August 6, 2012, which, among other things, dismissed Mary Drescher's application to compel an intermediate accounting of certain trusts.

Nathaniel H. Daffner is the trustee of two testamentary trusts of decedent's estate. The sole assets of the trusts are shares of Mastroianni Brothers, Inc., a corporation that operates a bakery. In 2009, respondent Mary V. Mastroianni, decedent's mother,

contacted Daffner and informally asserted a potential claim to some of the corporation's shares. Daffner subsequently commenced proceeding No. 1 seeking advice and direction from Surrogate's Court (see SCPA 2107), specifically determinations on the ownership of the shares and Daffner's authority to control the affairs of the corporation. Several of the trusts' remaindermen opposed the petition, and Mary Drescher cross-petitioned seeking an intermediate accounting. Surrogate's Court granted Daffner's petition, holding that the trusts own 100% of the corporation's shares and Daffner, as trustee, had the right to control the corporation's affairs. The court dismissed the cross petition. Mary Mastroianni and remaindermen Anthony Mastroianni, Pasquale Mastroianni, Josepha Abba, Laura Salvatore and Mary Drescher (hereinafter collectively referred to as respondents) now appeal.*

Surrogate's Court properly entertained Daffner's petition. Preliminarily, respondents do not attack the court's substantive determination on this issue, nor did they address the substance in their response to the original petition. Instead, they only argue that the court erred in entertaining Daffner's petition because SCPA 2107 is allegedly inapplicable in these circumstances. That statute provides that "[t]he court may entertain applications by a fiduciary to advise and direct in . . . extraordinary circumstances such as . . . where there is conflict among interested parties" (SCPA 2107 [2]). The court may entertain such applications in its sole discretion (see SCPA 2107 [2]). Respondents acknowledge that the court had jurisdiction over this proceeding (see SCPA 205; see also SCPA 201 [3]). Indeed, Surrogate's Court has jurisdiction over all matters that affect the affairs of a decedent or the administration of an estate, even without "specific statutory authorization for a particular proceeding" (Matter of Piccione, 57 NY2d 278, 288 [1982]; see SCPA 202; Matter of Lupoli, 275 AD2d 44, 51-52 [2000], lv dismissed 97 NY2d 649 [2001], lv denied 99 NY2d 503 [2002]).

Daffner's application specifically requested relief in the form of an order confirming that the trusts own 100% of the corporate shares and that he had the authority to act on behalf of the corporation. The application included the facts applicable to the requested relief and notice was given to the proper individuals (see SCPA 2101 [1] [c]; [3]). Even if the application was more in the nature of a request for a declaratory judgment (see CPLR 3001) than for advice and direction (see SCPA 2107 [2]), Surrogate's Court could ignore the improper form of the applica-

---

* The trusts' other remaindermen take no position on appeal. The lifetime beneficiary supports Daffner's position on appeal.

tion and treat the matter as if it had been commenced in the proper form (*see* CPLR 103 [c]; SPCA 102; *Matter of Van Patten*, 190 AD2d 322, 326 [1993]; *see also* SCPA 2101 [1], [4]). Respondents did not address the substance of Daffner's application, instead raising only procedural arguments. Thus, Surrogate's Court properly entertained the application and did not abuse its discretion in determining the proper ownership of the corporate shares (*see Matter of Van Patten*, 190 AD2d at 326; *cf. H & G Operating Corp. v Linden*, 151 AD2d 898, 901 [1989]; *Matter of Garofalo*, 141 AD2d 899, 900-901 [1988]).

Surrogate's Court did not err in denying Drescher's cross petition seeking an intermediate accounting. Where a trust holds a controlling share of stock in a corporation, the trustee can be compelled to "disclose the details of the corporate activities" (*Matter of Sylvester*, 5 AD2d 970, 970 [1958]; *accord Matter of Brandt*, 81 AD2d 268, 276 [1981]). "Although the SCPA does not require a fiduciary to give periodic or intermediate accountings, where trusts are managed over a lengthy period trustees often account periodically" (*Matter of Hunter*, 4 NY3d 260, 267 [2005] [footnote omitted]). As for the timing of such accountings, certain persons may seek to compel an intermediate or final accounting, which the court may order a fiduciary to complete if such an accounting appears to be in the best interests of the trust or estate (*see* SCPA 2205; *Tydings v Greenfield, Stein & Senior, LLP*, 11 NY3d 195, 202 [2008]). A court's determination in this regard will not be disturbed absent an abuse of discretion (*see Matter of Sangiamo*, 116 AD2d 654, 654 [1986]; *Matter of Taber*, 96 AD2d 890, 890 [1983]).

Here, Daffner had provided respondents with financial information related to the trusts and corporation, including an informal interim accounting, financial statements for five years, tax returns for three years, and a confidential analysis and report prepared by a business consultant. Daffner also provided answers to 31 questions posed by respondents regarding the corporation's operations and finances, and offered to answer any further questions that arose. Surrogate's Court favorably considered the extensive voluntary financial disclosures provided by Daffner. Although respondents deemed the information and answers insufficient, the court did not abuse its discretion in finding that a formal accounting was not currently in the best interests of the trusts and denying the request for an intermediate accounting at that time.

Mercure, J.P., Rose and Garry, JJ., concur. Ordered that the order is affirmed, with costs.