Matter of Beard (2024 NY Slip Op 03244)

Matter of Beard

2024 NY Slip Op 03244

Decided on June 14, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 14, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, BANNISTER, AND OGDEN, JJ.

111 CA 23-00636

[*1]WILLIAM A. BEARD, DECEASED. WENDY LOUGNOUT, ESQ., AS PUBLIC ADMINISTRATOR, PETITIONER-RESPONDENT; DIANE BEARD, OBJECTANT-APPELLANT.

CERIO LAW OFFICES, PLLC, SYRACUSE (NATHANIEL V. RILEY OF COUNSEL), FOR OBJECTANT-APPELLANT. 
COSTELLO, COONEY & FEARON, PLLC, SYRACUSE (TERRI CONTI YORK OF COUNSEL), FOR PETITIONER-RESPONDENT.

 Appeal from an order of the Surrogate's Court, Onondaga County (Mary Keib Smith, S.), entered April 13, 2022. The order, insofar as appealed from, granted in part the motion of petitioner for summary judgment dismissing the objections to an accounting. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying that part of the motion seeking to dismiss objection F and reinstating that objection, and as modified the order is affirmed without costs.
Memorandum: In this proceeding for the judicial settlement of the final accounting of decedent's estate, objectant appeals from an order that granted in part petitioner's motion for summary judgment dismissing the objections to the accounting filed by objectant.
Here, petitioner established prima facie entitlement to judgment as a matter of law with respect to objections A, B, E, F and H by submitting an accounting reflecting decedent's assets (see Matter of Crane, 100 AD3d 626, 628 [2d Dept 2012], lv dismissed 21 NY3d 1000 [2013], lv denied 29 NY3d 906 [2017]).
We agree with objectant that, in opposition to the motion, she raised an issue of fact with respect to objection F. In objection F, objectant alleged that petitioner had failed to account for items removed from decedent's estate by another beneficiary. Objectant raised an issue of fact with respect to that objection by submitting evidence that a beneficiary had removed items from the estate, including pieces from a bedroom set, and that petitioner had not applied a corresponding offset to that beneficiary's share of the estate (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). We therefore modify the order by denying that part of the motion seeking to dismiss objection F and reinstating that objection.
Contrary to objectant's contention, we conclude that she failed to raise an issue of fact with respect to objections A, B, E, and H (see Crane, 100 AD3d at 629; Matter of McAlpine, 85 AD3d 1185, 1186 [2d Dept 2011]; see generally Matter of Wilson, 178 AD2d 996, 997 [4th Dept 1991]).
Entered: June 14, 2024
Ann Dillon Flynn
Clerk of the Court