Matter of Donaldson (2025 NY Slip Op 51100(U))

[*1]

Matter of Donaldson

2025 NY Slip Op 51100(U)

Decided on July 14, 2025

Surrogate's Court, Columbia County

Herman, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 14, 2025
Surrogate's Court, Columbia County

In the Matter of the Judicial Settlement of the Final Account of Maki Donaldson, as Administrator of the Estate of Leigh Gordon Donaldson, Deceased.

File No. 2023-183/B

Theodore Guterman II, Esq.
Guterman Shallo & Alford PLLC
21 North Seventh Street
Hudson, New York 12534
Attorneys for the Petitioner
Matthew J. Griesemer, Esq. 
Hudson Valley Law Partners PLLC
21 North Seventh Street
Hudson, New York 12534 
Attorneys for Interested Parties, 
Ty Donaldson and Kyoko Palacio 
Tori Lee Donaldson
Objectant pro se

Brian J. Herman, S.

Leigh Gordon Donaldson (the "Decedent") died intestate on November 21, 2022, a resident of the County of Columbia. He was survived by his wife, Maki Donaldson, and three adult children, Ty Donaldson, Kyoko Palacio, and Tori Lee Donaldson. Letters of Administration issued to Maki Donaldson (the "Administratrix") on August 25, 2023.
The Administratrix has petitioned this court for judicial settlement of her fiduciary account. Tori Lee Donaldson (the "Objectant") has filed objections to the accounting contesting the propriety of the estate's payment of attorney fees, realtor commissions and expenses associated with the sale of estate real property. The Administratrix now moves for dismissal of the objections and for summary judgment approving the account. The Administratrix further requests that the Objectant be surcharged the attorney fees incurred in opposing her objections. [*2]The Objectant opposes.
Addressing first the Objectant's claims with respect to the estate's disposition of real property, the estate is predominantly comprised of two parcels situate in the County of Schoharie, a .8 acre parcel improved by a small cabin, the other consisting of an unimproved 8.5 acres of land. Appraisals obtained by the Administratrix and submitted to the court ascribe values of $115,000.00 to the improved parcel and $14,000.00 to the vacant land. On the basis of these appraisals and a 2005 Subaru valued at $400.00, the value of the estate was determined to be approximately $129,400.00.
Based upon a valuation of $129,400.00, and applying EPTL §4-1.1(a)(1), the Administratrix's share of the probate estate would be $89,700.00 and the shares of each of the decedent's three children would be $13,233.00 each. Valuations having been established, the parties and non-party distributees engaged in a series of efforts to liquidate the real property to their mutual satisfaction. Ultimately, these efforts were unsuccessful. Because a substantial part of the objections raised are grounded upon the Administratrix's rejection of the Objectant's proposal, a brief synopsis of the negotiations is in order. 
The Administratrix asserts that the sum of $13,233.00 was offered to each of the children in full satisfaction of their shares. This offer included a waiver of legal fees, appraisal fees and property taxes advanced by the administratrix as well as a waiver of Administratrix commissions. This was reportedly acceptable to Ty and Kyoko, but not to the Objectant. Instead, the Objectant proposed conveyance of the 8.5 acre parcel to her in satisfaction of her interest in the estate. This, however, was not acceptable to her siblings or the Administratrix. An alternate proposal put forth by the Administratrix called for the formation of a limited liability company to hold the real property, with interests therein proportionate to the respective interests of the four distributees. In her opposition papers, the Objectant denies this proposal having been communicated to her. In any event, the role of the court in this proceeding is not to opine as to the wisdom or reasonableness or parties' respective settlement positions, it is to determine whether the objections to the fiduciary account have a sound and substantial basis in law. No agreement having been reached, the Administratrix petitioned the court for permission to sell the real property. Following an evidentiary hearing, the Administratrix was directed to publicly market for sale for two months and report back to the court. 
The Administratrix retained the services of a real estate broker and the property was marketed for sale in accordance with the court's directive. Upon returning to court, the Administratrix advised that Ty and Kyoko were the highest bidders for the property. The Objectant challenged the sale to her siblings, whereupon an evidentiary hearing was held and the terms of the proposed sale were approved. In connection with this conveyance, the estate incurred all of usual and customary seller-side expenses associated with a residential real estate transaction, among them the payment of brokerage commissions. 
The Objectant opposes the estate's payment of real estate commissions and sale expenses on grounds that had the Administratrix and her siblings simply accepted her offer to acquire the unimproved parcel in satisfaction of her share, these expenses would not have been incurred by the estate. The Objectant is correct. She further contends that she had "every right under the law" to reject the Administratrix's "buyout" offer and that "as a beneficiary, [her] interests and rights are no less important than those of the other beneficiaries and or the [Administratrix] . . . " The Objectant is correct in both of these regards as well. The flaw in the Objectant's rationale is that the Administratrix and the Objectants were under no obligation — fiduciary or otherwise — [*3]to accept the Objectant's proposal, particularly when the value of the property she sought to acquire exceeded the value of her share in the estate. It should be noted that each of the siblings were also interested in acquiring the property and the property had not yet been marketed for sale to the public. Acquiescence to the Objectant's wishes by either the Administratrix or the court would require placing the Objectant's interests ahead of those of both the estate and the other distributees. As such, contrary to the Objectant's assertion, the Administratrix's rejection of the Objectant's proposal was not "without justification," it was a perfectly responsible exercise of authorized discretion under the circumstances. 
Marketing the property served two important functions. First, it ensured that the Objectant and her siblings all had an equal opportunity to submit purchase offers. Second, by including the public at-large in the pool of prospective purchasers, it ensured that the ultimate sale price, to whomever the property was sold, reflected the maximum the market would bear. While it is true that the costs incurred in marketing the property would not have been incurred had a compromise been reached, in the absence of such compromise, the marketing expenses were necessary to properly administer the estate. It cannot be said that in marketing the property the Administratrix acted in favor of any of the individual distributees or in derogation of her fiduciary responsibility. Accordingly, this objection is without merit and must be dismissed.
Turning now to the issue of the estate's payment of attorney's fees, the Objectant generally contends that counsel did not act "neutrally" or provide "legal services that benefitted the estate as a whole." The Objectant further contends that all services rendered by counsel were in furtherance of the Administratrix's personal interests, and as such, she, not the estate, should bear this cost. "It is well settled that, in determining the proper amount of attorneys' fees and costs, the court should consider the time spent, the difficulties involved in the matters in which the services were rendered, the nature of the services, the amount involved, the professional standing of the counsel and the results obtained" (JP Morgan Chase Bank, NA v Roby, 158 AD3d 1224, 1225 [Fourth Dept. 2018] citing Matter of Potts, 241 NY 593 [1925]). The court has reviewed the itemized invoices submitted by counsel detailing the legal services rendered in connection with these proceedings. These services include document preparation, communications between counsel and the administratrix, appearances before this court, coordination with real estate professionals and representation of the estate in connection with the sale of the property. Every single entry in these invoices reflects an activity undertaken in furtherance of the estate's interests. Stated conversely, the invoices reflect not a single instance of counsel billing the estate for work performed for the sole and exclusive benefit of the Administratrix. Applying the Potts factors, the court finds the activities undertaken by counsel and the fees sought therefor to be appropriate in nature, scope and sum, for the benefit of the interests of the estate generally and not those of the Administratrix individually or exclusively. Accordingly, this objection is likewise without merit and must be dismissed.
In an accounting proceeding, the party submitting the account has the ultimate burden of demonstrating that he or she has fully accounted for all of the assets belonging to the decedent's estate (Matter of Taylor, 79 AD3d 766 [Second Dept. 2010]. Upon review of the accounting submitted by the Administratrix, together with the sworn statements filed in support of her motion, the court finds that the Administratrix has demonstrated, by a fair preponderance of the evidence, that she has fully accounted for all of the assets of the decedent's estate, and as such, is entitled to judgment as a matter of law (Id.). The Administratrix having so demonstrated, the burden shifts to the Objectant to demonstrate a triable issue of fact on her objections (Id. citing [*4]Zuckerman v City of New York, 49 NY2d 557 [1980]). In her opposition papers, the Objectant restates her objections and makes general, conclusory and speculative assertions of unfairness, lack of impartiality on the part of the Administratrix and her counsel and her exclusion from decision-making with respect to the sale of the property. The Objectant cites no authority or evidence in support of her objections. She fails to reference a single activity in counsel's billing statements as excessive, unnecessary or outside the scope of that which is customarily undertaken in probate or accounting proceedings. She further fails to identify a single instance of irregularity or want of fiduciary responsibility in connection with the real estate transaction at issue, nor does she challenge the appraised value of the property or suggest that the sale price was not in accordance with its true market value.
As to the Objectant's assertion that "the court has never addressed the concern that the Administrator may have facilitated or even funded the cash acquisition of the property by the two favored beneficiaries," the Objectant makes no suggestion that it was she, and not her siblings, who put forth the highest offer for purchase of the property and that such offer was rejected. Contrarily, the Objectant makes no representation that she made any offer whatsoever to purchase the property while it was marketed, nor does she indicate that she required an extension of this two-month period to arrange financing or make other arrangements in order to procure the property for herself, which extension was denied so as to facilitate her sibling's acquisition. The court is certainly mindful of the Objectant's pro se status in these proceedings, however it is not the role of the court to independently investigate the Objectant's concerns, it is the Objectant's responsibility to come forward with evidence supporting her objections (compare Matter of Basner, 37 AD3d 459 [Second Dept. 2007]). It being now incumbent on the Objectant to do so and having raised no triable issue of fact, summary judgment on the Administratrix's petition for judicial settlement must be granted.
Turning now to the issue of attorney fees, §130-1.1 of the Rules of the Chief Administrator of the Courts vests the court with discretion to award any party in any civil action costs in the form of reimbursement for actual expenses reasonably incurred and reasonable attorney fees resulting from frivolous conduct as defined therein. For purposes of Part 130, conduct is frivolous if it is completely without merit in law, undertaken primarily to delay or prolong the resolution of litigation or asserts material factual statements that are false (22 NYCRR §130-1.1[c]). The decision whether to impose costs or sanctions against a party for frivolous conduct, and the amount of any such costs or sanctions, is generally entrusted to the court's sound discretion (Cassagnol v Village of Hempstead, 214 AD3d 766, 768-769 [Second Dept. 2023]). While the objections of the pro se objectant are unavailing and subject to dismissal, the court finds that they were not advanced in bad faith, for dilatory purposes, upon material misstatements of fact or otherwise so lacking in merit that the imposition of attorney's fees upon the objectant is warranted (see US Bank National Association v Jack, 219 AD3d 1369 [Second Dept. 2023].
Accordingly, it is hereby
ORDERED AND ADJUDGED that the motion for dismissal of the objections is granted; and it is further 
ORDERED AND ADJUDGED that the motion for summary judgment approving the final account of the Administratrix is granted; and it is further
ORDERED AND ADJUDGED that attorney fees and disbursements as set forth in the accounting, including those fees incurred in opposition to the objections, said sum being [*5]$21,125.97, are awarded counsel for the Administratrix; and it is further 
ORDERED AND ADJUDGED that the Administratrix's motion to surcharge the objectant for attorney fees incurred in opposition to the objections is denied.
This constitutes the decision and order of the court.
Dated: July 14, 2025
Hudson, New York
Hon. Brian J. Herman
Surrogate 
Papers Considered:
1. Petition for Judicial Settlement of Account, dated February 14, 2025
2. Verified Account of Administratrix, period commencing November 21, 2022 through February 14, 2025
3. Objections to Account of Tori Lee Donaldson, dated March 20, 2025
4. Supplemental Objections to Account of Tori Lee Donaldson, dated March 27, 2025
5. Notice of Motion
6. Affidavit of Theodore Guterman, II, Esq., sworn to April 17, 2025, with exhibit
7. Supplemental Affidavit of Theodore Guterman, II, Esq., sworn to April 17, 2025, with exhibit
8. Affidavit of Ty Donaldson, sworn to April 10, 2025
9. Affidavit of Kyoko Palacio, sworn to April 9, 2025
10. Memorandum of Law in Support of Motion, dated April 17, 2025
11. Affidavit of Service of Theodore Guterman, II, Esq., sworn to April 18, 2025
Memorandum in Opposition of Tori Lee Donaldson, dated April 30, 2025