■ DANIELLE GENCO, Plaintiff, v PHYLLIS GENCO et al., Respondents. ANTHONY A. CARONNA, Nonparty Appellant. [997 NYS2d 919]—

In an action to impose a constructive trust on certain property, nonparty Anthony A. Caronna appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Thomas, J.), dated April 25, 2013, as granted that branch of the defendants' motion which was for the imposition of sanctions pursuant to 22 NYCRR 130-1.1 and directed him to pay sanctions in the sum of $5,000.

Ordered that the order is reversed insofar as appealed from, on the facts and in the exercise of discretion, with costs, and that branch of the defendants' motion which was for the imposition of sanctions is denied.

Pursuant to 22 NYCRR 130-1.1, sanctions may be imposed against a party or the party's attorney for frivolous conduct. "Conduct during litigation, including on an appeal, is frivolous and subject to sanction and/or the award of costs when it is completely without merit in law or fact and cannot be supported by a reasonable argument for the extension, modification, or

reversal of existing law; it is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another; or it asserts material factual statements that are false" (*Mascia v Maresco*, 39 AD3d 504, 505 [2007]; *see* 22 NYCRR 130-1.1; *Keyspan Generation, LLC v Nassau County*, 118 AD3d 949, 954 [2014]). Under the facts of this case, the appellant's conduct was not frivolous. Accordingly, the Supreme Court improvidently exercised its discretion in granting that branch of the defendants' motion which was for the imposition of sanctions pursuant to 22 NYCRR 130-1.1 and directing the appellant to pay sanctions in the sum of $5,000 (*see Muro-Light v Farley*, 95 AD3d 846, 848 [2012]).

In light of our determination, we need not consider the appellant's remaining contention. Rivera, J.P., Skelos, Dickerson and Barros, JJ., concur.