█ Joan Coccia, Respondent, v Thomas F. Liotti, Appellant. [12 NYS3d 127]—

In an action, inter alia, to recover damages for legal malpractice, the defendant appeals, as limited by his brief, from so

much of an order of the Supreme Court, Nassau County (Janowitz, J.), entered February 24, 2014, as denied his motion for a hearing on the issue of counsel fees and for an award of costs and sanctions.

Ordered that the order is affirmed insofar as appealed from, with costs.

In 2003, the plaintiff retained the defendant to represent her in a matrimonial action. The matrimonial action later settled, and the plaintiff, inter alia, received an equitable distribution award of $1.6 million. In 2006, the plaintiff commenced this action against the defendant alleging, inter alia, legal malpractice. Extensive motion practice ensued, resulting in several appeals to this Court. On one of those appeals, this Court, inter alia, modified an order of the Supreme Court entered May 5, 2008, so as to grant those branches of the plaintiff's cross motion which were for summary judgment dismissing the first, second, and third counterclaims, each seeking to recover outstanding counsel fees (see Coccia v Liotti, 70 AD3d 747 [2010]).

In August 2013, the defendant moved for a hearing on the issue of counsel fees and for an award of costs and sanctions. The plaintiff cross-moved pursuant to CPLR 3217 (b) to voluntarily discontinue the action. In the order appealed from, the Supreme Court denied the defendant's motion and granted the plaintiff's cross motion. The defendant appeals from so much of the order as denied his motion.

The Supreme Court providently exercised its discretion in denying the defendant's motion for a hearing on the issue of counsel fees and for an award of costs and sanctions. "Where issues have been raised and determined in a prior appeal, reconsideration of those issues is barred by the doctrine of law of the case" (Moran Enters., Inc. v Hurst, 96 AD3d 914, 916 [2012]). Here, by previously awarding the plaintiff summary judgment dismissing the defendant's first, second, and third counterclaims, this Court resolved the issue of counsel fees on the merits and eliminated any opportunity for the defendant to recover his legal fees based either upon the retainer agreement or in quantum meruit. Thus, the defendant's contention that he is entitled to a hearing on the issue of counsel fees is barred by the doctrine of law of the case (see Moran Enters., Inc. v Hurst, 96 AD3d at 916).

In addition, "[t]he decision whether to impose costs or sanctions against a party for frivolous conduct, and the amount of any such costs or sanctions, is generally entrusted to the court's sound discretion" (Strunk v New York State Bd. of Elections,

126 AD3d 779, 781 [2015]). Here, nothing in the record demonstrates that the plaintiff's conduct, or that of her attorney, was frivolous within the meaning of 22 NYCRR 130-1.1 (c) (*see Licalzi v Wells Fargo Bank, N.A.*, 125 AD3d 942 [2015]).

The defendant's remaining contentions are either without merit or based on matter dehors the record. Dillon, J.P., Dickerson, Roman and LaSalle, JJ., concur.