■ In the Matter of CONGREGATION AHAVAS MOISCHE, INC., Also Known as MAPLE STREET SYNAGOGUE, et al., Appellants, v JOSEPH KATZOFF et al., Respondents. [20 NYS3d 895]—In a proceeding pursuant to CPLR article 75 to confirm an arbitration award, the petitioners appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Lewis, J.), dated November 7, 2013, as denied their motion and cross motion pursuant to 22 NYCRR 130-1.1 to impose costs and sanctions against the respondents and/or their counsel.

Ordered that the order is affirmed insofar as appealed from, with costs.

Pursuant to 22 NYCRR 130-1.1, sanctions and/or costs may be imposed against a party or the party's counsel for frivolous conduct (*see Genco v Genco*, 124 AD3d 580, 580 [2015]). Conduct is frivolous if (1) it is completely without merit in law or fact and cannot be supported by a reasonable argument for the extension, modification, or reversal of existing law; (2) it is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another; or (3) it asserts material factual statements that are false (*see* 22 NYCRR 130-1.1 [c]; *Tso-Horiuchi v Horiuchi*, 122 AD3d 918, 918 [2014]). "[T]he decision whether to impose costs or sanctions against a party for frivolous conduct, and the amount of any such costs or sanctions, is generally entrusted to the court's sound discretion" (*Coccia v Liotti*, 129 AD3d 763, 764 [2015] [internal quotation marks omitted]).

Here, the petitioners failed to establish that the respondents' making of two motions to disqualify their counsel and other al-

leged conduct of the respondents and their attorney in this proceeding were frivolous within the meaning of 22 NYCRR 130-1.1 (*see 5000, Inc. v Hudson One, Inc.*, 130 AD3d 678, 680 [2015]). Accordingly, the Supreme Court providently exercised its discretion in denying the petitioners' motion and cross motion pursuant to 22 NYCRR 130-1.1 to impose sanctions and costs against the respondents and/or their counsel. Dillon, J.P., Chambers, Cohen and Hinds-Radix, JJ., concur.