Deutsche Bank Natl. Trust Co. v Bakarey (2021 NY Slip Op 05543)





Deutsche Bank Natl. Trust Co. v Bakarey


2021 NY Slip Op 05543


Decided on October 13, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 13, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
COLLEEN D. DUFFY
LARA J. GENOVESI, JJ.


2018-00392 
2018-10225
2018-10226
 (Index No. 10320/08)

[*1]Deutsche Bank National Trust Company, etc., respondent,
v
Tawa Bakarey, appellant, et al., defendants.


Jeremy Rosenberg, Chestnut Ridge, NY, for appellant.
Frenkel Lambert Weiss Weisman & Gordon, LLP, Bay Shore, NY (Keith L. Abramson of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Tawa Bakarey appeals from (1) an order of the Supreme Court, Kings County (Peter P. Sweeney, J.), dated August 25, 2017, (2) an order of the same court (Lawrence Knipel, J.) dated June 13, 2018, and (3) an order and judgment of foreclosure and sale (one paper) of the same court (Lawrence Knipel, J.) dated June 22, 2018. The order dated August 25, 2017, denied that defendant's motion, inter alia, pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against her as abandoned or, in the alternative, to vacate her default in appearing or answering the complaint, for an extension of time to serve and file an answer to the complaint, and, thereupon, to dismiss the complaint insofar as asserted against her for lack of standing. The order dated June 13, 2018, insofar as appealed from, granted those branches of the plaintiff's motion which were to confirm a referee's report and for a judgment of foreclosure and sale. The order and judgment of foreclosure and sale, insofar as appealed from, granted the plaintiff's motion to confirm the referee's report and directed the sale of the subject property.
ORDERED that appeals from the orders dated August 25, 2017, and June 13, 2018, are dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is reversed insofar as appealed from, on the law and in the exercise of discretion, those branches of the plaintiff's motion which were to confirm the referee's report and for a judgment of foreclosure and sale are denied, that branch of the motion of the defendant Tawa Bakarey which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against her as abandoned is granted, and the orders dated August 25, 2017, and June 13, 2018, are modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the defendant Tawa Bakarey.
The appeals from the orders dated August 25, 2017, and June 13, 2018, must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues [*2]raised on the appeals from the orders are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]).
In or about March 2008, the plaintiff commenced this mortgage foreclosure action against the defendant Tawa Bakarey (hereinafter the defendant), among others, alleging that she defaulted in payment under the terms of a note and mortgage encumbering a residential property located at in Brooklyn (hereinafter Action 1). Pursuant to a motion by the plaintiff, the Supreme Court issued an order dated August 9, 2010, directing service by publication and appointing a guardian ad litem to protect and defend the defendant's interests in the action.
On February 4, 2014, at a status conference, the Supreme Court issued a conditional order of dismissal for want of prosecution pursuant to CPLR 3216, directing dismissal of Action 1 and cancellation of the notice of pendency unless the plaintiff filed a note of issue or otherwise proceeded by motion for the entry of judgment within 90 days of February 4, 2014. Action 1 was thereafter dismissed. The property was subsequently transferred to 1677 Prospect Pl, LLC.
On or about July 30, 2014, the plaintiff moved to vacate the conditional order of dismissal, to restore the action to the calendar, in effect, for leave to enter a default judgment against the defendant, and for an order of reference. The defendant appeared in the action and opposed the motion, arguing that the plaintiff failed to establish a reasonable excuse for the delay in prosecuting the action or a meritorious claim. By order dated March 31, 2016, the Supreme Court, without comment, granted the plaintiff's motion to the extent that it restored the action to the calender, but referred that branch of the plaintiff's motion which was for an order of reference to another Justice. The court also permitted the defendant to move for leave to file a late answer and for dismissal of the complaint.
In June 2016, the defendant moved, inter alia, pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against her as abandoned or, in the alternative, to vacate her default in appearing or answering the complaint, for an extension of time to serve and file an answer to the complaint, and, thereupon, to dismiss the complaint insofar as asserted against her for lack of standing. The plaintiff opposed the motion.
In or about September 2016, the plaintiff commenced a second foreclosure action, against 1677 Prospect Pl, LLC, among others, under Index No. 5800/16 (hereinafter Action 2). Shortly thereafter, by order dated January 5, 2017, the Supreme Court, in Action 1, granted the plaintiff's motion, inter alia, for leave to enter a default judgment against the defendant and for an order of reference. In a separate order also dated January 5, 2017, the court, inter alia, referred the matter to a referee to ascertain and compute the amount due to the plaintiff.
By order dated August 25, 2017, the Supreme Court denied the defendant's motion in Action 1 pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against her as abandoned or, in the alterative, to vacate her default in appearing or answering the complaint, for an extension of time to serve and file an answer, and, thereupon, to dismiss the complaint insofar as asserted against her for lack of standing.
On or about January 22, 2018, the plaintiff moved, inter alia, to confirm the referee's report in Action 1 and for a judgment of foreclosure and sale. The defendant opposed the motion. By order dated June 13, 2018, the Supreme Court, inter alia, granted those branches of the plaintiff's motion which were to confirm the referee's report and for a judgment of foreclosure and sale. In an order and judgment of foreclosure and sale dated June 22, 2018, the court granted the plaintiff's motion to confirm the referee's report, consolidated Action 2 into Action 1, and directed the sale of the subject property. The defendant appeals.
CPLR 3215(c) provides, in pertinent part, that "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned, without costs, upon its own initiative or on motion, unless sufficient cause is shown why the complaint should not be dismissed." "In a [*3]mortgage foreclosure action, a plaintiff satisfies the requirements of CPLR 3215(c) when, within one year of a defendant's default, the plaintiff takes the preliminary step toward obtaining a default judgment of foreclosure and sale by moving for an order of reference pursuant to RPAPL 1321" (U.S. Bank N.A. v Penate, 176 AD3d 758, 760 [alterations and internal quotation marks omitted]).
"To establish sufficient cause, the party opposing dismissal must demonstrate that it had a reasonable excuse for the delay in taking proceedings for entry of a default judgment and that it has a potentially meritorious action" (Deutsche Bank Natl. Trust Co. v Charles, 186 AD3d 454, 456 [internal quotation marks omitted]; see Wells Fargo Bank, N.A. v Bananno, 146 AD3d 844, 846). "The determination of whether an excuse is reasonable is committed to the sound discretion of the motion court" (Deutsche Bank Natl. Trust Co. v Charles, 186 AD3d at 456 [internal quotation marks omitted]; see U.S. Bank N.A. v Stewart, 174 AD3d 551, 552). "Reversal is warranted 'if that discretion is improvidently exercised'" (OneWest Bank, FSB v Rodriguez, 171 AD3d 772, 773, quoting Pipinias v J. Sackaris & Sons, Inc., 116 AD3d 749, 752).
Here, the Supreme Court improvidently exercised its discretion in finding that the plaintiff proffered a reasonable excuse for the delay. The defendant was served via publication pursuant to the order dated August 9, 2010. Based upon the first date of publication of August 26, 2010, service was complete on September 23, 2010, and the defendant's time to answer the complaint expired on October 25, 2010 (see CPLR 316[c], 320[a]). Nevertheless, the plaintiff did not take proceedings for the entry of judgment until on or about July 30, 2014, when it moved, inter alia, to vacate the conditional order of dismissal and for an order of reference. As a result, the plaintiff was required to provide reasonable excuse for its delay.
In its motion papers, the plaintiff explained that the delay of more than three years prior to the issuance of the February 4, 2014 conditional order of dismissal was attributable to efforts to comply with Administrative Order 548/10, the closure of the law firm of Steven J. Baum, P.C., and further delays associated with the aftermath of Hurricane Sandy. However, the plaintiff's conclusory and unsubstantiated assertions that periods of delay were attributable to efforts to comply with Administrative Order 548/10 and the effects of Hurricane Sandy were insufficient to excuse the lengthy delay in this action, even when coupled with a change of counsel (see Wells Fargo Bank, N.A. v Cafasso, 158 AD3d 848). Moreover, the plaintiff failed to substantiate claimed loss mitigation efforts through the submission of a loss mitigation application or any other evidence. In any event, even "[a] completed loss mitigation application does not automatically toll a plaintiff's deadline under CPLR 3215(c) during the time that the plaintiff is purportedly reviewing the application" (Federal Natl. Mtge. Assn. v Dauphin, 195 AD3d 696, 697).
Since the plaintiff failed to proffer a reasonable excuse for its delay, this Court need not consider whether the plaintiff had a potentially meritorious cause of action (see U.S. Bank N.A. v Penate, 176 AD3d 758).
Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant and an order of reference and granted that branch of the defendant's motion which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against her as abandoned (see HSBC Bank USA, N.A. v Grella, 145 AD3d 669).
In view of the foregoing, we need not address the defendant's remaining contentions.
MASTRO, J.P., MILLER, DUFFY and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court