Matter of Olivieri (2022 NY Slip Op 04809)

Matter of Olivieri

2022 NY Slip Op 04809

Decided on August 3, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 3, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
REINALDO E. RIVERA
SHERI S. ROMAN
DEBORAH A. DOWLING, JJ.

2020-05953

[*1]In the Matter of Salvatore L. Olivieri Irrevocable Trust dated 9/29/1994. Geraldine Reynolds, respondent; Matthew Reynolds, et al., appellants. (File No. 64/17)

Marco E. Fava, Larchmont, NY, for appellants.
Masch, Coffey & Associates LLP, New City, NY (Gregg Alan Coffey of counsel), for respondent.

DECISION & ORDER
In a proceeding, inter alia, pursuant to SCPA 2107 for advice and direction as to a transfer of certain trust funds, the objectants, Matthew Reynolds and Joseph Reynolds, appeal from an order of the Surrogate's Court, Rockland County (Keith J. Cornell, S.), dated June 29, 2020. The order granted the petitioner's motion pursuant to 22 NYCRR 130.1-1 for costs in the form of reasonable attorney's fees for frivolous conduct.
ORDERED that the order is reversed, on the law, on the facts, and in the exercise of discretion, with costs, and the petitioner's motion pursuant to 22 NYCRR 130.1-1 for costs in the form of reasonable attorney's fees for frivolous conduct is denied.
"The court, in its discretion, may award to any party or attorney in any civil action or proceeding before the court, except where prohibited by law, costs in the form of reimbursement for actual expenses reasonably incurred and reasonable attorney's fees, resulting from frivolous conduct" (22 NYCRR 130-1.1[a]). Conduct is frivolous under 22 NYCRR 130-1.1 if it is "completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law" or it is "undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another" (id. § 130-1.1[c][1], [2]; see Mascia v Maresco, 39 AD3d 504, 505; Greene v Doral Conference Ctr. Assoc., 18 AD3d 429, 431).
The Surrogate's Court improvidently exercised its discretion in granting the petitioner's motion pursuant to 22 NYCRR 130-1.1 for costs in the form of reasonable attorney's fees for frivolous conduct (see id. § 130-1.1[a]). Under the circumstances of this case, the appellants' opposition to the petitioner's motion for summary judgment and the discovery sought in connection therewith, was not completely without merit in law, and was not undertaken to delay or prolong the resolution of the litigation, or to harass or maliciously injure another (see id. § 130-1.1[c]; Matter of Congregation Ahavas Moische, Inc. v Katzoff, 134 AD3d 934, 935; Genco v Genco, 124 AD3d 580, 581; Hegazi v Palmieri, 84 AD3d 873, 874).
LASALLE, P.J., RIVERA, ROMAN and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court