Deutsche Bank Trust Co. Ams. v Smith (2022 NY Slip Op 07436)

Deutsche Bank Trust Co. Ams. v Smith

2022 NY Slip Op 07436

Decided on December 28, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 28, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
LILLIAN WAN, JJ.

2019-13849
 (Index No. 20774/08)

[*1]Deutsche Bank Trust Company Americas, etc., respondent, 
v
David J. Smith, Jr., appellant, et al., defendants.

James F. Misiano, P.C., Brentwood, NY, for appellant.
Robertson, Anschutz, Schneid, Crane & Partners, PLLC (Stradley Ronon Stevens & Young, LLP, New York, NY [Adam Weiss], of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant David J. Smith, Jr., appeals from an order of the Supreme Court, Suffolk County (Thomas F. Whelan, J.), dated September 26, 2018. The order, insofar as appealed from, denied that branch of the motion of the defendant David J. Smith, Jr., which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned.
ORDERED that the order dated September 26, 2018, is reversed insofar as appealed from, on the law and in the exercise of discretion, with costs, that branch of the motion of the defendant David J. Smith, Jr., which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned is granted, and an order of the same court dated September 2, 2020, denying that defendant's motion pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned and for leave to renew that branch of his prior motion which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned is vacated.
In May 2008, the plaintiff commenced this action to foreclose a mortgage against, among others, the defendant David J. Smith, Jr. (hereinafter the defendant). The defendant did not answer. Almost 10 years later, in February 2018, the defendant moved, inter alia, pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned. In an order dated September 26, 2018, the Supreme Court denied that branch of the defendant's motion. The defendant appeals.
"If the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned, without costs, upon its own initiative or on motion, unless sufficient cause is shown why the complaint should not be dismissed" (CPLR 3215[c]). "To establish sufficient cause, the party opposing dismissal must demonstrate that it had a reasonable excuse for the delay in taking proceedings for entry of a default judgment and that it has a potentially meritorious action" (Deutsche Bank Natl. Trust Co. v Bakarey, 198 AD3d 718, 721 [internal quotation marks omitted]). "While a court has the discretion to accept law office failure as a reasonable excuse, such excuse [*2]must be supported by detailed allegations of fact explaining the law office failure" (Ibrahim v Nablus Sweets Corp., 161 AD3d 961, 963). "The determination of whether an excuse is reasonable . . . is committed to the sound discretion of the motion court" (Deutsche Bank Natl. Trust Co. v Bakarey, 198 AD3d at 721 [internal quotation marks omitted]). "Reversal is warranted if that discretion is improvidently exercised" (id. [internal quotation marks omitted]).
Here, the plaintiff failed to take proceedings for the entry of judgment within one year of the defendant's default and failed to demonstrate a reasonable excuse for its delay. Contrary to the plaintiff's contention, compliance with Administrative Order of the Chief Administrative Judge of the Courts AO/548/10 does not constitute a reasonable excuse for the delay as that order was issued more than one year after the plaintiff's time to commence proceedings for entry of a default judgment had expired (see Bank of N.Y. Mellon Trust Co. v Kyung Soon Lee, 202 AD3d 898, 900; Countrywide Home Loans, Inc. v Vittorio, 178 AD3d 1017, 1019). Likewise, the stay imposed as a result of the defendant's bankruptcy does not constitute a reasonable excuse since that stay began approximately 3½ years after the plaintiff's deadline to take proceedings for entry of a default judgment had expired (see Bank of N.Y. Mellon Trust Co. v Kyung Soon Lee, 202 AD3d at 900; Countrywide Home Loans, Inc. v Vittorio, 178 AD3d at 1019). Finally, the plaintiff proffered only vague, conclusory, and unsubstantiated allegations of law office failure which did not constitute a reasonable excuse (see Countrywide Home Loans, Inc. v Vittorio, 178 AD3d at 1018-1019; Ibrahim v Nablus Sweets Corp., 161 AD3d at 964). Since the plaintiff failed to demonstrate sufficient cause why the complaint should not have been dismissed as abandoned insofar as asserted against the defendant, we need not consider whether the plaintiff had a potentially meritorious cause of action (see e.g. Bank of N.Y. Mellon Trust Co. v Kyung Soon Lee, 202 AD3d at 900).
Accordingly, the Supreme Court should have granted that branch of the defendant's motion which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned.
DUFFY, J.P., MALTESE, WOOTEN and WAN, JJ., concur.

2019-13849 DECISION & ORDER ON MOTION
Deutsche Bank Trust Company Americas,
etc., respondent, v David J. Smith, Jr., appellant,
et al., defendants.
(Index No. 20774/08)

Motion by the respondent, inter alia, to dismiss an appeal from an order of the Supreme Court, Suffolk County, dated September 26, 2018, as academic. By decision and order on motion of this Court dated March 29, 2021, that branch of the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is
ORDERED that the branch of the motion which is to dismiss the appeal as academic is denied.
DUFFY, J.P., MALTESE, WOOTEN and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court