Cassagnol v Village of Hempstead (2023 NY Slip Op 01277)

Cassagnol v Village of Hempstead

2023 NY Slip Op 01277

Decided on March 15, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
JOSEPH A. ZAYAS
LILLIAN WAN, JJ.

2019-14448 
2020-04058
 (Index No. 608733/19)

[*1]Didier Cassagnol, appellant-respondent, 
v
Village of Hempstead, et al., respondents-appellants.

Kristina S. Heuser, P.C., Locust Valley, NY, for appellant-respondent.
Bond, Schoeneck & King, PLLC, Garden City, NY (Richard S. Finkel and Jacqueline A. Giordano of counsel), for respondents-appellants.

DECISION & ORDER
In an action to set aside a settlement agreement, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Leonard D. Steinman, J.), dated November 14, 2019, and (2) an order of the same court dated April 15, 2020, and the defendants cross-appeal from the order dated April 15, 2020. The order dated November 14, 2019, insofar as appealed from, granted the defendants' cross-motion pursuant to CPLR 3211(a) to dismiss the complaint and denied, as academic, the plaintiff's motion for a preliminary injunction. The order dated April 15, 2020, insofar as appealed from, denied the plaintiff's motion for leave to renew and reargue his opposition to the defendants' cross-motion pursuant to CPLR 3211(a) to dismiss the complaint. The order dated April 15, 2020, insofar as cross-appealed from, denied that branch of the defendants' cross-motion which was pursuant to 22 NYCRR 130-1.1 to impose sanctions against the plaintiff's counsel.
ORDERED that the order dated November 14, 2019, is affirmed insofar as appealed from; and it is further,
ORDERED that the appeal from the order dated April 15, 2020, is dismissed; and it is further,
ORDERED that the order dated April 15, 2020, is affirmed insofar as cross-appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
In 2011, the plaintiff, a police officer in the Village of Hempstead, was involved in a motorcycle accident while off duty which rendered him paralyzed from the waist down. In 2013, the plaintiff filed a notice of claim alleging that the Village discriminated against him after he became disabled. Approximately nine months later, the plaintiff executed a settlement agreement pursuant to which he agreed to withdraw his notice of claim and waive his right to assert certain claims against the Village in exchange for certain benefits, including remaining employed as a police officer for three years until 2016, when his pension rights were scheduled to vest. In the settlement agreement, the plaintiff and the Village agreed that, after 2016, the plaintiff would be eligible to continue to be employed by the Village in a different capacity at a reduced rate of pay.
The plaintiff worked as a police officer in a transitional light-duty position beyond [*2]the 2016 deadline established in the settlement agreement. In March 2019, however, the Village informed the plaintiff that it would be enforcing the terms of the settlement agreement and instructed him to resign as a police officer as of April 1, 2019. The Village invited the plaintiff to apply for certain lower-paying light duty positions in accordance with the terms of the settlement agreement.
In June 2019, the plaintiff commenced this action to set aside the settlement agreement against the Village and other defendants. In an order dated November 12, 2019, the Supreme Court granted the defendants' cross-motion pursuant to CPLR 3211(a) to dismiss the complaint, holding that the complaint was subject to dismissal pursuant to CPLR 3211(a)(1) and (7) based on the plaintiff's ratification of the settlement agreement, and denied, as academic, the plaintiff's motion for a preliminary injunction. Thereafter, the plaintiff moved for leave to renew and reargue his opposition to the defendants' cross-motion pursuant to CPLR 3211(a) to dismiss the complaint, and the defendants cross-moved, inter alia, pursuant to 22 NYCRR 130-1.1 to impose sanctions against the plaintiff's counsel. In an order dated April 15, 2020, the court, among other things, denied the plaintiff's motion for leave to renew and reargue and denied that branch of the defendants' cross-motion which was pursuant to 22 NYCRR 130-1.1 to impose sanctions against the plaintiff's counsel. The plaintiff appeals from the orders dated November 12, 2019, and April 15, 2020, and the defendants cross-appeal from the order dated April 15, 2020.
The plaintiff's appeal from the order dated April 15, 2020, must be dismissed. The appeal from so much of the order as denied that branch of the plaintiff's motion which was for leave to reargue must be dismissed, as no appeal lies from an order denying reargument (see Halvatzis v Perrone, 199 AD3d 787, 788). The appeal from so much of the order as denied that branch of the plaintiff's motion which was for leave to renew must be dismissed, as the plaintiff has abandoned his arguments with respect to that branch of his motion (see U.S. Bank Trust, N.A. v Hussain, 207 AD3d 778, 779).
Contrary to the plaintiff's contention, the Supreme Court properly granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint. "A motion pursuant to CPLR 3211(a)(1) to dismiss the complaint on the ground that the action is barred by documentary evidence may be granted only where the documentary evidence utterly refutes the plaintiff's factual allegations, thereby conclusively establishing a defense as a matter of law" (Vertical Progression, Inc. v Canyon Johnson Urban Funds, 126 AD3d 784, 786 [internal quotation marks omitted]; see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 316). "In considering a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), 'the court must accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory'" (Mawere v Landau, 130 AD3d 986, 988, quoting Sokol v Leader, 74 AD3d 1180, 1181; see Nonnon v City of New York, 9 NY3d 825, 827).
Stipulations of settlement between parties are binding contracts enforceable by the court and, as such, they are favored and "not lightly cast aside" (Hallock v State of New York, 64 NY2d 224, 230), especially where, as here, the party seeking to set aside the stipulation was represented by counsel (see Rogers v Malik, 126 AD3d 874, 875; Matter of Mercer, 113 AD3d 772, 774).
Here, the plaintiff accepted the benefits of the settlement agreement by continuing to work as a police officer for the Village from 2013 through early 2019, three years beyond the end date he bargained for. The plaintiff did not seek to set aside the settlement agreement on any of the grounds raised in his complaint at any point over the approximately 5½ years that elapsed before he commenced this action in 2019. Consequently, the defendants were entitled to dismissal of the complaint on the ground that the plaintiff ratified the settlement agreement (see Allen v Riese Org., Inc., 106 AD3d 514, 516-518; Scarfone v Village of Ossining, 23 AD3d 540, 541; Napolitano v City of New York, 12 AD3d 194, 195).
The Supreme Court providently denied that branch of the defendants' cross-motion which was pursuant to 22 NYCRR 130-1.1 to impose sanctions against the plaintiff's counsel. "Pursuant to 22 NYCRR 130-1.1, sanctions may be imposed against a party or the party's attorney for frivolous conduct" (Genco v Genco, 124 AD3d 580, 580). "Conduct is frivolous if (1) it is completely without merit in law or fact and cannot be supported by a reasonable argument for the [*3]extension, modification, or reversal of existing law; (2) it is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another; or (3) it asserts material factual statements that are false" (Matter of Congregation Ahavas Moische, Inc. v Katzoff, 134 AD3d 934, 934; see 22 NYCRR 130-1.1[c]). "The decision whether to impose costs or sanctions against a party for frivolous conduct, and the amount of any such costs or sanctions, is generally entrusted to the court's sound discretion" (Strunk v New York State Bd. of Elections, 126 AD3d 779, 781). Here, nothing in the record demonstrates that the conduct of the plaintiff's attorney was frivolous within the meaning of 22 NYCRR 130-1.1(c).
The parties' remaining contentions either are without merit or need not be reached in light of the foregoing.
BARROS, J.P., MALTESE, ZAYAS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court