U.S. Bank N.A. v Jack (2023 NY Slip Op 04611)

U.S. Bank N.A. v Jack

2023 NY Slip Op 04611

Decided on September 13, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 13, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
PAUL WOOTEN
LILLIAN WAN, JJ.

2020-04017
 (Index No. 500472/13)

[*1]U.S. Bank National Association, etc., appellant- respondent, 
v
Philomene Jack, et al., respondents- appellants, et al., defendants.

McCabe, Weisberg & Conway, LLC, Melville, NY (Kenneth Britt of counsel), for appellant-respondent.
Berg & David, PLLC, Brooklyn, NY (Abraham David and Yehuda C. Morgenstern of counsel), for respondents-appellants.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals, and the defendants Philomene Jack and Ronell Jack cross-appeal, from an order of the Supreme Court, Kings County (Noach Dear, J.), dated March 3, 2020. The order, insofar as appealed from, denied the plaintiff's motion for leave to renew its prior motion to confirm a referee's report and for a judgment of foreclosure and sale and, in effect, for leave to renew its opposition to the cross-motion of the defendants Philomene Jack and Ronell Jack for leave to reargue their prior cross-motion, inter alia, pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against them as abandoned. The order, insofar as cross-appealed from, denied the motion of the defendants Philomene Jack and Ronell Jack pursuant to 22 NYCRR 130-1.1 to impose sanctions against the plaintiff and its counsel.
ORDERED that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
On April 26, 2006, the defendants Philomene Jack and Ronell Jack (hereinafter together the defendants) executed a note in the sum of $468,000, which was secured by a mortgage on certain real property located in Brooklyn. In January 2013, the plaintiff commenced this action to foreclose the mortgage against, among others, the defendants. The defendants failed to timely appear or answer the complaint. In June 2015, the plaintiff moved, inter alia, for leave to enter a default judgment against the defendants and an for order of reference. The defendants opposed the plaintiff's motion and cross-moved, among other things, pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against them as abandoned, asserting that the plaintiff failed to seek a default judgment within one year of the defendants' default. In an order dated September 6, 2016, the Supreme Court granted the plaintiff's motion and denied the defendants' cross-motion.
In November 2016, after securing a referee's report setting forth the amount owed, the plaintiff moved to confirm the referee's report and for a judgment of foreclosure and sale. The defendants cross-moved for leave to reargue their prior cross-motion, inter alia, pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against them as abandoned. In support of the cross-motion, the defendants argued that the Supreme Court had misapprehended the applicable law [*2]by declining to dismiss the complaint as abandoned pursuant to CPLR 3215(c) in light of the plaintiff's failure to offer a reasonable excuse for not seeking a default judgment within the statutory period. In an order dated September 18, 2017, the court granted the defendants' cross-motion for leave to reargue, upon reargument, in effect, vacated the order dated September 6, 2016, and thereupon granted that branch of the defendants' prior cross-motion which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against them as abandoned, and denied, as academic, the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale.
In December 2019, the plaintiff moved for leave to renew its motion to confirm the referee's report and for a judgment of foreclosure and sale and, in effect, for leave to renew its opposition to the defendants' prior cross-motion for leave to reargue. In support of the motion, the plaintiff's counsel asserted that the plaintiff's prior failure to set forth a reasonable excuse for the delay in moving for a default judgment was due to the plaintiff's attorney "believing such detail was not necessary." The defendants cross-moved pursuant to 22 NYCRR 130-1.1 to impose sanctions against the plaintiff and its counsel for making the motion. In an order dated March 3, 2020, the Supreme Court denied the plaintiff's motion and the defendants' cross-motion. The plaintiff appeals, and the defendants cross-appeal.
"If the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned, without costs, upon its own initiative or on motion, unless sufficient cause is shown why the complaint should not be dismissed" (CPLR 3215[c]). "To establish sufficient cause, the party opposing dismissal must demonstrate that it had a reasonable excuse for the delay in taking proceedings for entry of a default judgment and that it has a potentially meritorious action" (Deutsche Bank Natl. Trust Co. v Bakarey, 198 AD3d 718, 721 [internal quotation marks omitted]).
Further, "a motion for leave to renew 'shall be based upon new facts not offered on the prior motion that would change the prior determination' . . . and 'shall contain reasonable justification for the failure to present such facts on the prior motion'" (Oparaji v ABN Amro Mtge. Group, Inc., 202 AD3d 988, 989, quoting CPLR 2221[e][2], [3]). "While it may be within the court's discretion to grant leave to renew upon facts known to the moving party at the time of the prior motion, a motion for leave to renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation. Thus, the court lacks discretion to grant renewal where the moving party omits a reasonable justification for failing to present the new facts on the original motion" (Seegopaul v MTA Bus Co., 210 AD3d 715, 716; see Makropoulos v City of New York, 187 AD3d 885, 888). "While law office failure can be accepted as a reasonable excuse in the exercise of the court's sound discretion, the movant must submit supporting facts to explain and justify the failure, and mere neglect is not accepted as a reasonable excuse" (Seegopaul v MTA Bus Co., 210 AD3d at 716 [internal quotation marks omitted]; see Lanzillo v 4 World Trade Ctr., LLC, 195 AD3d 907, 909).
Here, in opposition to the defendants' cross-motion, inter alia, pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against them as abandoned, the plaintiff did not offer any excuse for failing to take proceedings for the entry of a default judgment within one year of the defendants' default (see HSBC Bank USA, N.A. v Uddin, 174 AD3d 689, 691). Moreover, in opposition to the defendants' cross-motion for leave to reargue their prior cross-motion, among other things, pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against them as abandoned, the plaintiff again failed to offer any excuse. For the first time on the plaintiff's motion for leave to renew, it proffered an excuse for failing to take proceedings for the entry of a default judgment within one year of the defendants' default. However, the plaintiff failed to offer a reasonable justification for not having presented any excuse in opposition to the defendants' prior cross-motions by contending that the plaintiff's attorney had believed it was unnecessary to offer an excuse (see generally US Bank N.A. v Salvatierra, 205 AD3d 757, 758). Notably, in opposition to the defendants' two prior cross-motions, the plaintiff's attorney acknowledged the requirement to demonstrate a reasonable excuse, but nevertheless declined to offer an excuse. Thus, the record reflects that the plaintiff's failure to offer an excuse constituted, at most, "a misguided strategy, not [*3]law office failure" (Hudson City Sav. Bank v Bomba, 149 AD3d 704, 705 [internal quotation marks omitted]; see JPMorgan Chase Bank N.A. v EY Bay Ridge, LLC, 212 AD3d 794, 796). Accordingly, the Supreme Court properly denied that branch of the plaintiff's motion which was for leave to renew its prior motion to confirm the referee's report and for a judgment of foreclosure and sale and, in effect, for leave to renew its opposition to the defendants' cross-motion for leave to reargue their prior cross-motion, among other things, pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against them as abandoned.
The Supreme Court providently exercised its discretion in denying the defendants' cross-motion to impose sanctions against the plaintiff and its counsel. Pursuant to 22 NYCRR 130-1.1, "[c]ourts have discretion to award costs or impose financial sanctions against a party or attorney in a civil action for engaging in frivolous conduct" (U.S. Bank N.A. v Nunez, 208 AD3d 711, 713 [internal quotation marks omitted]). "Conduct is frivolous if (1) it is completely without merit in law or fact and cannot be supported by a reasonable argument for the extension, modification, or reversal of existing law; (2) it is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another; or (3) it asserts material factual statements that are false" (Cassagnol v Village of Hempstead, 214 AD3d 766, 768-769 [internal quotation marks omitted]). "The decision whether to impose costs or sanctions against a party for frivolous conduct, and the amount of any such costs or sanctions, is generally entrusted to the court's sound discretion" (id. at 769 [internal quotation marks omitted]). While the plaintiff's motion was properly denied, its arguments in support thereof did not rise to the level necessary to constitute frivolous conduct (see id. at 768-769; Kantrowitz, Goldhamer & Graifman, P.C. v Ayrovainen, 204 AD3d 652, 653; cf. Ethington v H & M Hennes & Mauritz, L.P., 210 AD3d 867, 868; U.S. Bank N.A. v Nunez, 208 AD3d at 713-714).
The parties' remaining contentions either need not be reached in light of our determination or are without merit.
DUFFY, J.P., MILLER, WOOTEN and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court