## EBF Holdings, LLC v Ronak Mart LLC

### 2024 NY Slip Op 32563(U)

### July 24, 2024

### Supreme Court, Orange County

### Docket Number: Index No. EF000224-2024

### Judge: Sandra B. Sciortino

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

To commence the statutory time
for appeals as of right (CPLR 5513 [a]),
you are advised to serve a copy of this
order, with notice of entry, upon all parties.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE

----------------------------------------------------------------X

EBF HOLDINGS, LLC D/B/A EVEREST BUSINESS
FUNDING,

                          Plaintiff,

          -against-

RONAK MART LLC and PRAKASH ACHARYA,
                          Defendants.

----------------------------------------------------------------X

**DECISION AND ORDER**
**MOTION NO.: 1-3**
**MOTION DATE: 5/15/2024**
**INDEX NO.:** EF000224-2024

**SCIORTINO, J.**

The following documents were considered in connection with defendants' motion to change

venue pursuant to CPLR §§ 503, 511, and 510(3), or, alternatively, for an order extending all

discovery deadlines and issuing a preliminary conference order pursuant to CPLR 2004 (Motion

Sequence #1); plaintiff's motion for sanctions pursuant to 22 NYCRR 103-1.1 (Motion Sequence

#2); and defendants' motion for sanctions pursuant to 22 NYCRR 103-1.1 (Motion Sequence #3):

| PAPERS | NYSCEF NUMBERED |
|---|---|
| Notice of Motion/Affirmation/Exhibits A-E/ | 11-17 |
|    Notice of Cross-Motion/ | |
|    Affirmation in Opposition and in Support of Cross-Motion/ | |
|    Exhibits A-B/Memorandum of Law/ | 26-30 |
|    Affirmation in Opposition to Cross-Motion/Affidavit/ | 38-39 |
|    Notice of Motion/Affirmation/Memorandum of Law/ | 40-42 |
|    Memorandum of Law in Opposition/ | 43 |
|    Affirmation in Reply | 60 |

**Background and Procedural History**

This is an action arising out of an alleged breach of contract. On or about August 28, 2023,

[* 1]

plaintiff and defendants allegedly entered into a Payment Rights Purchase and Sale agreement (the "Agreement"). Pursuant to the Agreement, plaintiff agreed to purchase all rights to 17% of defendant Ronak Mart LLC's future receipts for a purchase price of $45,000.00 (NYSCEF Document #2 & #24). Defendant Prakash Acharya signed on behalf of, and as a guarantor for, defendant Ronak Mart LLC. According to the Agreement, defendant Ronak Mart LLC agreed to remit 17% of its receipts to plaintiff until $67,050.00 was remitted. However, defendants ultimately ceased remitting to plaintiff its share of purchased receipts.

Plaintiff initiated this action by filing a Summons and Complaint on January 5, 2024. In its Complaint, plaintiff demanded judgment in the amount of $50,572.45, plus interest, costs, and disbursements on each of its two causes of action for breach of contract and performance guarantee. On January 19, 2024, defendants filed an answer to plaintiff's Complaint (NYSCEF Document #4) and a Demand to Change Venue to Kings County (NYSCEF Document #10).

**Defendants' Motion to Change Venue (Motion Sequence #1)**

By Notice of Motion filed on January 19, 2024, defendants move to transfer venue of this matter either to Kings County pursuant to CPLR §§ 503 and 51, or, to New York County pursuant to CPLR 510(3). Alternatively, defendants move "for an order pursuant to CPLR 2004 extending all discovery deadlines, and issu[ing of] a preliminary conference order" (NYSCEF Document #11).

According to defendants' motion, venue in Orange County is improper and in violation of the parties' agreement. According to defense counsel, Dominick Dale, Esq., venue must be transferred as a matter of law as Orange County Courthouse is about 71 miles from his office. He further states that "[d]efendant is not a resident of the State of New York and does not even allege a connection to New York, other than its attorney and the forum selection clause contained within

2

the MCA agreement" (NYSCEF Document #12, p. 7, ¶ 22).

Defense counsel argues that plaintiff's office in Manhattan, merely three and a half miles away from the New York County Courthouse, is about 63 miles from the Orange County Courthouse. He argues that the forum selection clause in the Agreement violates public policy as the clause addresses jurisdiction and not venue. Finally, he argues that the interests of justice will be served as venue in either Kings County or New York County will be more convenient for the parties than venue in Orange County. Transfer to either Kings County or New York County is, therefore appropriate..

In support, attaches cases in which he has brought motions to transfer venue which courts have granted. For example, in *Newco Capital Group VI LLC v. Hope Hospice Care, Inc. d/b/a Hope Hosptice Care et al.*, Index No. 134469-2022, the Ontario County Supreme Court agreed to transfer venue to New York County (NYSCEF Document #14). Other attached decisions granting defense counsel's motion to transfer venue include *Kalamata Capital Group, LLC v. AML Transport, LLC d/b/a AML Transport et al.* (NYSCEF Document #15); *Eagle Eye Advance, LLC v. Hi-Point Construction Co. et al.* (NYSCEF Document #16); and *Kalamata Capital Group, LLC v. Birth and Wellness Center, LLC d/b/a Birth & Wellness Center of Arlington et al.* (NYSCEF Document #16).

**Plaintiff's Opposition and Cross-Motion for Sanctions (Motion Sequence #2)**

By Notice of Motion filed on January 22, 2024, plaintiff moves for an order awarding plaintiff costs and sanctions due to frivolous conduct undertaken by defendants and their counsel in filing Motion Sequence #1 to transfer venue (NYSCEF Document #26).

3

[* 3]

In his affirmation in support[1], plaintiff's counsel, Ariel Bouskila, Esq., states that "[t]he individual defendant resides in Orange County" and that "the Court should admonish Mr. Dale for failing to read the record or speak to his clients prior to filing the instant motion" (NYSCEF Document #27, p. 1, ¶¶ 3 & 7). Furthermore, plaintiff's counsel argues that, even if defendant Acharya did not reside in Orange County, venue in Orange County would still be proper as it was selected by the parties in the Agreement.

In opposition to defendants' motion, plaintiff's counsel attaches a case from the Orange County Supreme Court (Goldberg-Velazquez, J.). In *Kalamata Capital Group, LLC v. Jayhern's Cleaning Services LLC d/b/a Jayhearns Cleaning Services et al.*, Index No. EF006118-2023, defense counsel's motion to transfer venue was denied in its entirety (NYSCEF Document #28). In that decision, Justice Goldberg-Velazquez ruled that "[d]efendants' argument that the forum selection clause included in the [Agreement] is invalid and cannot be the basis of venue determination in the instant action is moot based upon the demonstration that the [d]efendants principal place of business is in Orange County and is therefore the basis for venue" (NYSCEF Document #28, pp. 13-14).

Additionally, plaintiff's counsel attaches numerous cases in which motions to transfer venue have been denied (NYSCEF Document #29).

**Defendants' Reply to Motion Sequence #1 and Opposition to Motion Sequence #2**

In further support of Motion Sequence #1 and in opposition to Motion Sequence #2,

---

[1]Plaintiff's counsel's affirmation is captioned, *Kalamata Capital Group LLC v. Jayhern's Cleaning Service LLC et al.* with an Index Number of EF006118-2023 (NYSCEF Document #27). However, as plaintiff's Memorandum of Law (NYSCEF Document #30) properly captioned the within matter, the Court will assume that plaintiff's counsel intended to address his affirmation to this particular matter.

4

defendants submit an affidavit from defendant Acharya in which he avers that his business "Ronak Mart LLC is located at 784 Jersey Ave Jersey City NJ 07210" and that "[i]t would be more convenient for [him] if the place of this lawsuit and trial were in New York County" (NYSCEF Document #39, p. 1, ¶¶ 4-5).

### Defendants' Motion for Sanctions (Motion Sequence #3)

By Notice of Motion filed on January 29, 2024, defendants move for an order (a) sanctioning plaintiff and its counsel for "knowingly and willfully filing a cross motion for sanctions by advancing baseless, unfounded and meritless arguments and allegations that the defendants' law office has committed unethical behavior;" (b) sanctioning plaintiff and its counsel for "filing a cross motion to harass and injure defense counsel;" (c) sanctioning plaintiff and its counsel for "filing a cross motion that willfully and knowingly asserts material factual and statements that are false;" and (d) "striking [plaintiff's] cross motion for sanctions in its entirety" (NYSCEF Document #40).

### Discussion

For the following reasons, defendants' motion (Motion Sequence #1) is denied except to the extent that an extension of the deadline for discovery is deferred to the Preliminary Conference. Plaintiff's cross-motion (Motion Sequence #2) for sanctions is granted. Defendants' motion (Motion Sequence #3) for sanctions is denied in its entirety.

### Motion Sequence #1

### A. Transfer of Venue

CPLR 503(a) provides that, "[e]xcept where otherwise prescribed by law, the place of trial shall be in the county in which one of the parties resided when it was commenced; the county in which a substantial part of the events or omissions giving rise to the claim occurred; or, if none of

5

the parties then resided in the state, in any county designated by the plaintiff" (CPLR 503[a]).

CPLR 511(b) provides that "[t]he defendant shall serve a written demand that the action be tried in a county he specifies as proper. Thereafter the defendant may move to change the place of trial within fifteen days after service of the demand, unless within five days after such service plaintiff serves a written consent to change the place of trial to that specified by the defendant. Defendant may notice such motion to be heard as if the action were pending in the county he specified, unless plaintiff within five days after service of the demand serves an affidavit showing either that the county specified by the defendant is not proper or that the county designated by him is proper" (CPLR 511[b]).

CPLR 510(3) provides that "[t]he court, upon motion, may change the place of trial of an action where the convenience of material witnesses and the ends of justice will be promoted by the change" (CPLR 510[3]).

Here, defendants' motion to transfer venue is totally unsupported by facts or law and is in fact solely based on the distance between defense counsel's office and the courthouse in which this action will be tried. CPLR 503(a) clearly states, in part, "[e]xcept where otherwise prescribed by law, the place of trial shall be in the county in which one of the parties resided when it was commenced" (CPLR 503[a]). According to the Agreement, defendant Acharya resided in Newburgh in Orange County (NYSCEF Document #2 & #24). As defendant Acharya resides in Orange County, Orange County is a proper venue for the within action. Justice will not be promoted by the transfer of venue when Orange County is a proper venue already.

In his affirmation, defense counsel states, "Because of this undue burden, it is request that

6

venue be changed from ERIE County to New York County" (NYSCEF Document #12, p. 7, ¶ 20).[2]

The parties' agreement even states, "Any suit, action or proceeding arising hereunder, or the interpretation, performance or breach of this Agreement, shall, if Purchaser so elects, be instituted in any court sitting in New York, (the 'Acceptable Forums'). Seller agrees that the Acceptable Forums are convenient to it, and submits to the jurisdiction of the Acceptable Forums and waives any and all objections to jurisdiction or venue" (NYSCEF Document #2 & #24).

All of the cases that defense counsel attaches in support of his motion are either inapplicable or fail to create a sufficient basis for transfer of venue in the instant matter. For example, in *Newco Capital Group VI LLC v. Hope Hospice Care, Inc. d/b/a Hope Hosptice Care et al.*, Index No. 134469-2022, none of the parties nor witnesses had any contact whatsoever with Ontario County, the venue in which the action was commenced (NYSCEF Document #14).

Here, however, defendant Acharya resides in Orange County.

## B. Extending All Discovery Deadlines and Issuing a Preliminary Conference Order

CPLR 2004 provides that "[e]xcept where otherwise expressly prescribed by law, the court may extend the time fixed by any statute, rule or order for doing any act, upon such terms as may be just and upon good cause shown, whether the application for extension is made before or after the expiration of the time fixed" (CPLR 2004).

The branch of defendants' motion to extend the deadline for discovery is deferred to the Preliminary Conference.

Defendants' motion is denied except to the extent that the branch of defendants' motion for

---

[2]While defense counsel requested that venue be changed from "ERIE County to New York County," the Court assumes that defense counsel intended to request that venue be changed from Orange County to New York County.

an extension of the deadline for discovery is deferred to the Preliminary Conference.

## Motion Sequences #2 and #3

22 NYCRR 130-1.1 provides that "[t]he court, in its discretion, may award to any party or attorney in any civil action or proceeding before the court, except where prohibited by law, costs in the form of reimbursement for actual expenses reasonably incurred and reasonable attorney's fees, resulting from frivolous conduct as defined in this Part" (22 NYCRR 103-1.1).

"Conduct is frivolous if (1) it is completely without merit in law or fact and cannot be supported by a reasonable argument for the extension, modification, or reversal of existing law; (2) it is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another; or (3) it asserts material factual statements that are false" (*Congregation Ahavas Moische, Inc. v.* Katzoff, 134 A.D.3d 934, 934 [2d Dep't 2015]). The decision whether to impose costs or sanctions against a party for frivolous conduct is within a court's discretion (*Id.*).

Here, defense counsel's motion (Motion Sequence #1) to transfer venue was frivolous, completely without merit in law or fact, and could not be supported by a reasonable argument for the extension, modification, or reversal of existing law. Defense counsel made a false and/or misleading statement of fact when he stated that "Defendant is not a resident of the State of New York and does not even allege a connection to New York ..." when, in fact, Defendant Acharya acknowledged in the Agreement that he resides in Orange County, a proper venue for this action according to CPLR 503(a).

Plaintiff's cross-motion (Motion Sequence #2) for sanctions is granted to the extent that defendants shall pay an attorney's fee of $1,000.00 to plaintiff's attorney within 14 days of the date hereof. Defendants' motion (Motion Sequence #3) for sanctions is denied in its entirety.

8

[* 8]

## Conclusion

Based upon the foregoing, defendants' motion (Motion Sequence #1) is denied; and it is further

ORDERED that plaintiff's cross-motion (Motion Sequence #2) for sanctions is granted to the extent that defendants shall pay the amount of $1,000.00 to plaintiff within 14 days of the date hereof; and it is further

ORDERED that defendants' motion (Motion Sequence #3) for sanctions is denied in its entirety; and it is further

ORDERED that preliminary conference shall be held on August 16, 2024 at 9:30 a.m. at which time the Court will issue a Preliminary Conference Order with deadlines for discovery; and it is further

ORDERED that plaintiff shall serve defendants a copy of this Decision and Order with Notice of Entry within ten (10) days of the date of this Decision and Order.

All matters not directly addressed herein are denied.

Motion Sequence #4 will be decided in a separate decision and order.

This constitutes the decision and order of the Court.

Dated: July 24, 2024
      Goshen, New York

ENTER:

_____
HON. SANDRA B. SCIORTINO, J.S.C.

To:    *Attorneys of Record via NYSCEF*

[* 9]