Chase Home Fin., LLC v Morris (2025 NY Slip Op 00944)

Chase Home Fin., LLC v Morris

2025 NY Slip Op 00944

Decided on February 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
WILLIAM G. FORD
LILLIAN WAN
CARL J. LANDICINO, JJ.

2023-06740
2023-07723
 (Index No. 22112/08)

[*1]Chase Home Finance, LLC, plaintiff, 
v
Dauset Morris, respondent, et al., defendants; U.S. Bank National Association, etc., nonparty-appellant.

Day Pitney LLP, New York, NY (Christine A. Livorsi of counsel), for nonparty-appellant.
Mobilization for Justice, Inc., New York, NY (Christopher Fasano of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, nonparty U.S. Bank National Association, not in its individual capacity but solely as Trustee for the RMAC Series Trust, Series 2016-CTT, as successor in interest to the plaintiff, appeals from (1) an order of the Supreme Court, Kings County (Larry D. Martin, J.), dated March 27, 2023, and (2) a judgment of the same court entered May 30, 2023. The order granted the motion of the defendant Dauset Morris pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned. The judgment, insofar as appealed from, upon the order, is in favor of the defendant Dauset Morris and against the plaintiff dismissing the complaint insofar as asserted against that defendant.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendant Dauset Morris.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
In July 2008, the plaintiff commenced this action against the defendant Dauset Morris (hereinafter the defendant), among others, to foreclose a mortgage. The defendant failed to appear or answer the complaint. In November 2022, the defendant moved pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned. The plaintiff opposed the motion. In an order dated March 27, 2023, the Supreme Court granted the motion. In a judgment entered May 30, 2023, the court, inter alia, upon the order, dismissed the complaint insofar as asserted against the defendant. Nonparty U.S. Bank National Association, not in its individual capacity but solely as Trustee for the RMAC Series Trust, Series 2016-CTT (hereinafter US Bank), as successor in interest to the plaintiff, appeals.
The Supreme Court properly granted the defendant's motion pursuant to CPLR [*2]3215(c) to dismiss the complaint insofar as asserted against him as abandoned and dismissed the complaint insofar as asserted against him. Pursuant to CPLR 3215(c), "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned . . . unless sufficient cause is shown why the complaint should not be dismissed." It is not necessary for a plaintiff to actually obtain a default judgment within one year of the default in order to avoid dismissal pursuant to CPLR 3215(c) (see U.S. Bank N.A. v Jerriho-Cadogan, 224 AD3d 788, 789; Deutsche Bank Natl. Trust Co. v Khalil, 208 AD3d 555, 557-558). "Rather, 'as long as proceedings are being taken, and these proceedings manifest an intent not to abandon the case but to seek a judgment, the case should not be subject to dismissal'" (U.S. Bank N.A. v Jerriho-Cadogan, 224 AD3d at 789, quoting Brown v Rosedale Nurseries, 259 AD2d 256, 257 [alterations and internal quotation marks omitted]). Furthermore, "[t]he failure to timely seek a default may be excused if 'sufficient cause is shown why the complaint should not be dismissed,' which requires the plaintiff to proffer a reasonable excuse for the delay in timely moving for a default judgment and to demonstrate that the cause of action is potentially meritorious" (HSBC Bank USA, N.A. v Grella, 145 AD3d 669, 671 [citation omitted], quoting CPLR 3215[c]; see Deutsche Bank Natl. Trust Co. v O'Connor, 223 AD3d 872, 874).
Here, the plaintiff had until September 23, 2009, to take proceedings for the entry of judgment in order to avoid dismissal pursuant to CPLR 3215(c) (see CPLR 308[2]; 3012[c]), which it failed to do. Contrary to US Bank's contention, the plaintiff failed to proffer a reasonable excuse for its failure to take proceedings for the entry of judgment after the defendant's default (see Deutsche Bank Natl. Trust Co. v Bakarey, 198 AD3d 718, 722; Federal Natl. Mtge. Assn. v Dauphin, 195 AD3d 696, 697). Since the plaintiff failed to proffer a reasonable excuse for its delay, this Court need not consider whether the plaintiff had a potentially meritorious cause of action (see Deutsche Bank Natl. Trust Co. v Bakarey, 198 AD3d at 722).
The plaintiff's remaining contentions are without merit.
BARROS, J.P., FORD, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court